# HOLLAND, WARDEN *v.* JACKSON

No. 03–1200.   Decided June 28, 2004

PER CURIAM.

I

Respondent Jessie Jackson was tried in 1987 by the State of Tennessee for the murder of James Crawley. The State asserted that he had shot Crawley after an argument over drugs. Its principal evidence at trial was the eyewitness testimony of Jonathan Hughes, who claimed to have been at the scene with his girlfriend Melissa Gooch when the shooting occurred. Gooch did not testify. The jury convicted, and respondent was sentenced to life imprisonment.

After unsuccessfully moving for a new trial, respondent sought state postconviction relief, alleging, *inter alia*, that his trial counsel had been ineffective in failing to conduct an adequate investigation. See *Strickland* v. *Washington*, 466 U. S. 668 (1984). The state court held an evidentiary hearing and then denied the petition, finding that counsel's performance was not deficient and that, in any event, respondent suffered no prejudice. Respondent then filed a "Motion for Hearing in Nature of Motion for New Trial," alleging newly discovered evidence. He claimed for the first time—seven years after his conviction—that Gooch would now testify that, contrary to Hughes' trial testimony, she was not with

Hughes on the night of the shooting. The state court denied this motion, and respondent appealed both rulings to the Tennessee Court of Criminal Appeals.

That court affirmed. It upheld the denial of new trial, observing that respondent had already filed an earlier such motion, that there was "no satisfactory reason given for the defendant's failure to locate this witness" during the seven years that had elapsed, and that the proposed testimony "would serve merely to impeach Hughes' memory about having seen [Gooch] that night." App. to Pet. for Cert. 88. It also affirmed the denial of postconviction relief, noting that there had never "been any showing *on the record* of favorable testimony that would have been elicited" from Gooch had counsel interviewed her, and that even crediting respondent's "unsubstantiated pleading," "it in no way rises to the level of contradicting what Hughes claims to have seen" respecting the shooting itself. *Id.*, at 96–97 (emphasis added).

Respondent then sought federal habeas relief, and the District Court granted the State's motion for summary judgment. It found that there had been ineffective assistance of counsel, noting several shortcomings and opining that there was a reasonable probability of prejudice. It observed, however, that it could grant relief only if the state court's adjudication of respondent's claim was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U. S. C. § 2254(d)(1). It concluded that the state court's application of *Strickland,* while erroneous, was not unreasonable.

The Sixth Circuit reversed. 80 Fed. Appx. 392 (2003). Although it found a number of flaws in counsel's performance, its grant of relief under § 2254(d)(1) was based on only two specific grounds: first, that the state court had unreasonably applied *Strickland,* given that Gooch's statement undermined the credibility of Hughes' testimony; and second, that the state court's opinion was contrary to *Strickland* because

it assessed prejudice under a preponderance-of-the-evidence standard rather than a reasonable-probability standard.

We now grant the State's petition for a writ of certiorari and respondent's motion for leave to proceed *in forma pauperis*, and reverse.

## II

### A

The Sixth Circuit erred in finding the state court's application of *Strickland* unreasonable on the basis of evidence not properly before the state court. Although the state court had ventured that it would deny relief on the merits even taking Gooch's statement into account, its judgment also rested on the holding that the statement was not properly before it. See App. to Pet. for Cert. 86–89, 95–98. Granting relief in disregard of this independent basis for decision was error.

The "unreasonable application" clause of § 2254(d)(1) applies when the "state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams* v. *Taylor*, 529 U. S. 362, 413 (2000). In this and related contexts we have made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See *Yarborough* v. *Gentry*, 540 U. S. 1, 6 (2003) *(per curiam)* (denying relief where state court's application of federal law was "supported by the record"); *Miller-El* v. *Cockrell*, 537 U. S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. *Bell* v. *Cone*, 535 U. S. 685, 697, n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Under the habeas statute, Gooch's statement could have been the subject of an evidentiary hearing by the District Court, but only if respondent was not at fault in failing to

develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met. See *Williams* v. *Taylor*, 529 U. S. 420, 431–437 (2000). Those same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing. See, *e. g.*, *Cargle* v. *Mullin*, 317 F. 3d 1196, 1209 (CA10 2003), and cases cited. Where new evidence is admitted, some Courts of Appeals have conducted *de novo* review on the theory that there is no relevant state-court determination to which one could defer. See, *e. g.*, *Monroe* v. *Angelone*, 323 F. 3d 286, 297–299, and n. 19 (CA4 2003). Assuming, *arguendo*, that this analysis is correct and that it applies where, as here, the evidence does not support a new claim but merely buttresses a previously rejected one, it cannot support the Sixth Circuit's action.

The District Court made no finding that respondent had been diligent in pursuing Gooch's testimony (and thus that § 2254(e)(2) was inapplicable) or that the limitations set forth in § 2254(e)(2) were met. Nor did the Sixth Circuit independently inquire into these matters; it simply ignored entirely the state court's independent ground for its decision, that Gooch's statement was not properly before it. It is difficult to see, moreover, how respondent could claim due diligence given the 7-year delay. He complains that his state postconviction counsel did not heed his pleas for assistance. See App. to Pet. for Cert. 65. Attorney negligence, however, is chargeable to the client and precludes relief unless the conditions of § 2254(e)(2) are satisfied. See *Williams*, *supra*, at 439–440; cf. *Coleman* v. *Thompson*, 501 U. S. 722, 753–754 (1991).

The Sixth Circuit therefore erred in finding the state court's decision an unreasonable application of *Strickland*.*

---

*We reject respondent's contention that the State failed adequately to preserve this error. See, *e. g.*, Final Brief for Appellee in No. 01–5720 (CA6), p. 18, and n. 3.

B

The Sixth Circuit also erred in holding that the state court acted contrary to federal law by requiring proof of prejudice by a preponderance of the evidence rather than by a reasonable probability. The state court began by reciting the cor-· rect *Strickland* standard:

> " '[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to un-dermine confidence in the outcome.' " App. to Pet. for Cert. 95 (quoting *Strickland*, 466 U. S., at 694).

The Sixth Circuit nevertheless concluded that the state court had actually applied a preponderance standard, based on three subsequent passages from its opinion.

First was the statement that "[i]n a post-conviction pro-ceeding, the defendant has the burden of proving his allega-tions by a preponderance of the evidence." App. to Pet. for Cert. 95. In context, however, this statement is reasonably read as addressing the general burden of proof in postconvic-tion proceedings with regard to factual contentions—for ex-ample, those relating to whether defense counsel's perform-ance was deficient. Although it is possible to read it as referring also to the question whether the deficiency was prejudicial, thereby supplanting *Strickland*, such a reading would needlessly create internal inconsistency in the opinion.

Second was the statement that "it is asking too much that we draw the inference that the jury would not have believed Hughes at all had Melissa Gooch testified." App. to Pet. for Cert. 96. Although the Court of Appeals evidently thought that this passage intimated a preponderance standard, it is difficult to see why. The quoted language does not imply any particular standard of probability.

Last was the statement that respondent had "failed to carry his burden ·of proving that the outcome of the trial

would probably have been different but for those errors." *Id.*, at 98. We have held that such use of the unadorned word "probably" is permissible shorthand when the complete *Strickland* standard is elsewhere recited. See *Woodford* v. *Visciotti*, 537 U. S. 19, 23–24 (2002) *(per curiam).*

As we explained in *Visciotti*, § 2254(d) requires that "state-court decisions be given the benefit of the doubt." *Id.*, at 24. "[R]eadiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Ibid.* The Sixth Circuit ignored those prescriptions.

\*   \*   \*

The judgment of the Sixth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

JUSTICE STEVENS, JUSTICE SOUTER, JUSTICE GINSBURG, and JUSTICE BREYER would deny the petition for a writ of certiorari.