PAUL KELLY, Jr., Circuit Judge,
concurring in part and dissenting in part.
I concur in the court’s opinion, with three exceptions. We recently noted that:
District courts are entitled to some latitude with regard to evidentiary hearings, and the standard is higher than notice pleading. District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant’s claim..
United States v. Cervini, 379 F.3d 987, 994 (10th Cir.2004). Remanding this case is completely inconsistent with these principles — the court remands for an evidentiary hearing on claims that were not presented to the federal district court, or not presented and supported adequately.
I. Failure to Testify
I would reject (on the merits) the ineffectiveness claim based upon Mr. Cannon’s failure to testify. As the district court held, Mr. Cannon cannot show prejudice. Mr. Cannon’s theory of self defense was presented to the jury based upon his own account (the recording) and a hearsay account by his mother. Tr. 669-81. As noted by the district court,
Although the Court finds this issue is procedurally barred, a review of the record reveals that Petitioner would not have benefitted, indeed would have been seriously harmed, by testifying on his own behalf. Had he testified, the prosecution could have emphasized the deficiencies in Petitioner’s “self defense” story. Cross examination would most likely have exposed the facts that Petitioner was a prison escapee at the time of the murder, that he was previously convicted of a violent crime against a former girlfriend, that he suffered only minor injuries, if any, during the incident in question while the victim suffered multiple, fatal stab wounds, and that his victim was only 5'5" tall, 125 pounds while Petitioner is over 6' tall.
R. Doc. 81 at 21 n. 10. Mr. Cannon never explained how his testimony would have differed from the account presented to the jury and how it would have countered the items mentioned by the district court. Mr. Cannon does not argue that his testimony was necessary for a manslaughter defense — to the contrary, Mr. Cannon argues that trial counsel was ineffective for presenting a manslaughter defense against Mr. Cannon’s will. See Ct. Op. at 24-26.
*1179 This court remands the prejudice inquiry because (1) the quality of the tape and transcript may have affected its persuasiveness, (2) the court is cognizant of the power of a face-to-face appeal, (3) Mr. Cannon’s testimony would be pertinent to the manslaughter defense that Mr. Cannon does not want, and (4) the district court’s discussion concerning the likely harm of Mr. Cannon testifying (a) does not address the manslaughter defense, (b) does not explicitly state that the absence of prejudice from not testifying is an alternative ground for its holding, and (c) is not referenced by the state’s appellate brief. None of these reasons are persuasive.
First, the court simply has given us no facts that were likely to be adduced by Mr. Cannon’s testimony that were not already before the jury given the recording and the hearsay testimony of his mother. The court’s statement that the recording and transcript may not have been persuasive because of the technical quality of the recording is pure speculation. It is far more likely that the jury rejected Mr. Cannon’s defenses given the victim’s severe injuries and the lack of any serious injury to Mr. Cannon. It is not enough to note the power of a face-to-face appeal without placing that appeal in the context of the troubling facts and searching cross-examination that would followed Mr. Cannon’s direct testimony. The prejudice inquiry must be made based upon the whole record, and what has been presented simply does not establish a reasonable probability that the outcome in this case would have been different.
Relying upon the possible benefit of Mr. Cannon’s testimony to a manslaughter defense, as the court does, is completely improper. Mr. Cannon has taken the position in these proceedings that he does not want a manslaughter defense. The fact that we hold that counsel was not ineffective for presenting such a defense cannot undo Mr. Cannon’s insistence, which would surely be urged at any retrial in which he might testify. See Pro Se Aplt. Br. at 22 (“Mr. Cannon would like the court to note that Mr. Cannon firmly asserts a claim of self defense.”), 25 (“There can be a finding of not guilty by reason of self-defense but there is absolutely no such thing as not guilty by reason of manslaughter.”).
The district court was hardly required to address whether Mr. Cannon’s testimony would have been helpful on the manslaughter defense given Mr. Cannon’s disavowal of that defense and his understandable failure to rely on it (both at the district court and this court) in presenting this claim. The only reasonable reading of the district court’s conclusion that Mr. Cannon would not have benefitted and indeed would have been harmed by his own testimony is that Mr. Cannon was not prejudiced. That the district court did not identify its discussion as an alternative holding is hardly surprising because it is so obvious — after reciting that the claim was procedurally barred, the district court then explained that it had reviewed the record and what its conclusions were — this is a merits-based holding in the alternative. The fact that the state’s appellate brief does not rely on the district court’s alternative holding is of no moment — the state argues that Mr. Cannon’s arguments on appeal are new and that these claims are procedurally barred. Regardless, we are bound to review the district court’s opinion supporting the judgment, regardless of whether the parties rely upon it.
II. Improper Juror Contact
Insofar as the ineffectiveness claim based upon improper juror contact, I would reject it as procedurally barred. The claim either was not fairly presented in its entirety to the OCCA or not developed adequately before the OCCA or the *1180 federal district court. The district court summarily rejected this claim based upon Mr. Cannon’s failure to provide supporting facts, argument and authority. Doc. 81 at 19.
Mr. Cannon’s affidavit to the OCCA alleges “improper contact” between Larry Salzman, who did not testify, and one or more “trial jurors” and that sentencing phase witness Awanna Simpkins told the jurors at a recess that Mr. Cannon had raped her. The “improper contact” ground is nothing but a conclusion devoid of specifics about who, where, when and what. As to the second ground, Ms. Simp-kins did indeed testify “He [Mr. Cannon] raped me,” in the sentencing phase. Only in his federal petition did Mr. Cannon claim that the Simpkins “he raped me” comment came in the guilt phase. Thus, Mr. Cannon did not fairly present this claim (with its focus on the guilt phase) to the state court; it is unexhausted and procedurally defaulted. See Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (“[W]e have required a state prisoner to present the state courts with the same claim he' urges upon the federal courts.”). Mr. Cannon has not shown cause and prejudice or a fundamental miscarriage of justice that would excuse this default. See Murray v. Carrier, 477 U.S. 478, 485, 495, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).
Moreover, having named five witnesses to the improper contacts, I agree with this court that Mr. Cannon should have provided affidavits to the OCCA on post-conviction. Certainly by the time he filed his federal petition, they should have been provided if he expected an evidentiary hearing. Federal courts are not required to hold hearings (even if a petitioner was diligent) without some idea of why the petitioner would be entitled to relief. Cervini, 379 F.3d at 994. This means a description of the facts (even if contested) that would entitle the petitioner to relief. Where the record has not been developed, the burden is on the petitioner to demonstrate that he (1) was not at fault for failing to develop the state court record or (2) meets the conditions of 28 U.S.C. § 2254(e)(2); if this burden is not met, the district court should not hold an evidentia-ry hearing. See Holland v. Jackson, — U.S. -, 124 S.Ct. 2736, 2738, 159 L.Ed.2d 683 (2004). Because Mr. Cannon has not explained how he satisfies these conditions, I would not remand the diligence issue to the district court.
C. Remmer Presumption
Finally, the Remmer presumption the court suggests that the OCCA would apply to the improper juror contact claim is a rule of federal criminal procedure, not federal constitutional law, and this court has declined to apply it in the habeas context. Vigil v. Zavaras, 298 F.3d 935, 941 n. 6 (10th Cir.2002); Crease v. McKune, 189 F.3d 1188, 1193 (10th Cir.1999). Although the OCCA rejected the improper juror contact claim on the basis of procedural bar and we are analyzing the merits for the first time, Mr. Cannon should not be aided by a presumption that is a matter of federal criminal procedure. Though the OCCA once cited Remmer and then distinguished it, Silver v. State, 737 P.2d 1221, 1224 (Okla.Crim.App.1987), that hardly suggests that the OCCA would adopt such a categorical rule given our treatment of it in the habeas context and its dilution or abrogation in the federal context. See United States v. Scull, 321 F.3d 1270, 1280 n. 5 (10th Cir.2003) (“We note that this circuit and others have questioned the appropriate breadth of Remmer’s presumption of prejudice rule, postulating the standard should be significantly narrowed, or replaced altogether.”), cert. denied, 540 U.S. 864, 124 S.Ct. 175, 157 L.Ed.2d 116 (2003); United States v. Sylvester, 143 *1181 F.3d 923, 933-34 (5th Cir.1998) (concluding that Remmer presumption has not survived).