Hassan MOHAMED, Petitioner,

v.

Leonard PORTUONDO, Respondent.

No. 04–3366–PR.

United States Court of Appeals,
Second Circuit.

May 6, 2005.

Robert J. Boyle, New York, NY, for Petitioner.

Sharon Y. Brodt, Assistant District Attorney (Richard A. Brown, District Attorney, Queens County, John M. Castellano, Assistant District Attorney, on the brief) Queens, NY, for Respondent.

Present: NEWMAN, McLAUGHLIN, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum and order of the district court be and it hereby is **AFFIRMED.**

Petitioner Hassan Mohamed ("Mohamed") appeals from a March 26, 2004 memorandum and order of the district court denying his petition for a writ of habeas corpus. Mohamed argues that he was denied effective assistance of counsel when his trial attorney failed to request a hearing pursuant to *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), to ascertain whether the People's jailhouse informant had spoken to Mohamed and gotten additional,

significant information at a time after the informant's initial proffer session with the Assistant District Attorney ("ADA"). After conducting an evidentiary hearing, the district court concluded that it was "unlikely that any new substantively inculpatory statements were acquired after the jailhouse friend of petitioner reached out to the District Attorney" and that "[p]etitioner's contention that the trial might have been different had defense counsel moved for a *Massiah* hearing cannot be supported." A certificate of appealability was granted solely with respect to this issue. Familiarity with the facts and procedural history is assumed. We affirm.

We review *de novo* a district court judgment denying habeas relief. *Sellan v. Kuhlman*, 261 F.3d 303, 308 (2d Cir.2001). Section 2254(d) of Title 28, United States Code, sets forth the standards for federal habeas review of state court decisions. In pertinent part, the statute provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1).

A Sixth Amendment ineffective assistance of counsel claim "necessarily invokes federal law that has been 'clearly established' by the Supreme Court within the meaning of AEDPA." *Sellan*, 261 F.3d at 309. At issue here is whether the state court unreasonably applied clearly established law. When making the "unreasonable application" inquiry, a federal court "should ask whether the state court's ap-

plication of clearly established law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). For an application to be objectively unreasonable, "[s]ome increment of incorrectness beyond error is required." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir.2000). Whether a state court's decision is unreasonable, moreover, must be assessed in light of the record before the court. *Holland v. Jackson*, —— U.S. ——, 124 S.Ct. 2736, 2737, 159 L.Ed.2d 683 (2004). *See also Miller–El v. Cockrell*, 537 U.S. 322, 348, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Preliminarily, we note respondent's concern with holding an evidentiary hearing where, as here, petitioner was arguably not diligent in developing an adequate factual record below. 28 U.S.C. § 2254(e)(2) (prohibiting the district court from holding an evidentiary hearing where the "applicant has failed to develop the factual basis of a claim in State Court"). *See also Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (where a petitioner fails to develop the factual record, 28 U.S.C. § 2254(e)(2) prohibits an evidentiary hearing unless the statute's other stringent requirements are met). We need not examine the propriety of holding the evidentiary hearing, however, since the case may be disposed of on the merits. *Aeid v. Bennett*, 296 F.3d 58, 64 (2d Cir.2002).

To prevail, Mohamed must demonstrate that his counsel performed deficiently and that the deficiency caused actual prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree with the district court that petitioner has failed to establish prejudice, i.e., a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. As

already noted, the notes taken by the jailhouse informant following his meeting with the ADA largely tracked those taken before. The ADA, moreover, testified that he learned nothing of substance from the informant after their first meeting. The district court credited this testimony and on appeal petitioner has failed to show that the district court's credibility and factual determinations were clearly erroneous. *See Miranda v. Bennett,* 322 F.3d 171, 175 (2d Cir.2003).

For the foregoing reasons, we AFFIRM the memorandum and order of the district court denying the petition for a writ of habeas corpus.