[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2006
THOMAS K. KAHN
CLERK

No. 05-16591
Non-Argument Calendar

_____

D. C. Docket No. 04-00670-CV-B-S

DEMETRIUS EUGENE BERRY,

Petitioner-Appellant,

versus

WARDEN FERRELL,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 25, 2006)

Before TJOFLAT, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Alabama state prisoner Demetrius Eugene Berry, proceeding *pro se*, appeals the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. We granted Berry a certificate of appealability regarding whether the state court's determination that counsel was not ineffective for failing to call a potential alibi witness at trial was contrary to, or involved an unreasonable application of, clearly established federal law.

In his petition, Berry asserted he received ineffective assistance of counsel because his trial attorneys failed to call a witness, Latonya James, in support of his alibi defense. He stated prior to his trial he and his attorneys decided an alibi defense would be his sole affirmative defense, and in their opening statement, the attorneys told the jury about James and her testimony before deciding not to call her. The state court denied Berry's habeas petition, concluding the decision not to call James was a strategic decision, and the district court concluded the state court's decision was not contrary to, or did not involve an unreasonable application of, federal law.

We review a district court's grant or denial of a habeas corpus petition *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1828 (2006). "The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed *de novo*." *Id.* "An

ineffective assistance of counsel claim is a mixed question of law and fact subject to *de novo* review." *Id.*

A federal court may issue a petition for habeas corpus relief only if the state court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).[1] Additionally, a state court's factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. The 'contrary to' clause suggests that the state court's decision must be substantially different from the controlling legal precedent. A state court's decision that applies the correct legal rule would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law.

*Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002) (quotations and citations omitted).

---

[1] Because Berry filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the provisions of that act apply.

Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [a applies that principle to the facts of the prisoner's case. In deciding this issue, the federal court should consider whether the state court's application of the law was objectively unreasonable and should not apply the subjective 'all reasonable jurists' standard.

*Id.* at 1261 (quotations and citation omitted). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 124 S. Ct. 2736, 2737-2738 (2004).

"It is well established that the Supreme Court's decision in [*Strickland*] is the controlling legal authority to be applied to ineffective assistance of counsel claims." *Wellington*, 314 F.3d at 1260 (internal quotations omitted). To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). Under the performance prong, the relevant inquiry is whether counsel's representation was "objectively reasonable." *Crawford v. Head*, 311 F.3d 1288, 1311 (11th Cir. 2002). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 104 S. Ct. at 2066. A petitioner can rebut this presumption only by proving his attorney's representation was unreasonable under prevailing professional norms. *Chandler v. United States*, 218 F.3d 1305, 1314

4

n.15 (11th Cir. 2000) (*en banc*). "Therefore, where the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Id.* (quotations and citation omitted). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support limitations on investigation." *Strickland*, 104 S. Ct. 2066.

> The petitioner's burden of demonstrating prejudice is high. Under the prejudice prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Instead, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Wellington*, 314 F.3d at 1260 (quotations and citations omitted).

The state court's determination that counsel was not ineffective for failing to call a potential alibi witness at trial was not contrary to, or did not involve an unreasonable application of, clearly established federal law. The state court recognized *Strickland* was the controlling law with regard to Berry's ineffective assistance of counsel claim, and its decision was not contrary to *Strickland*. Recognizing Berry had to show his counsel's performance was deficient, the state

court found his attorneys' decision not to call James during his trial was a strategic decision. Although Berry presented evidence regarding his attorneys' initial decision to pursue an alibi defense, the evidence does not clearly and convincingly show the attorneys did not subsequently determine that it would be more beneficial to Berry's defense not to call James in light of the evidence presented during the trial. As such, the court reasonably applied *Strickland's* strong presumption of effective performance and concluded that Berry failed to establish his ineffective assistance claim.[2]

AFFIRMED.

---

[2] While its underlying facts may be similar, *Lee v. Kemna*, 122 S. Ct. 877 (2002), has no bearing on the instant case as it considered a different unrelated issue. *Lee* also involved a criminal defendant whose sole defense was an alibi defense. *Id.* at 880. Although Lee had three alibi witnesses scheduled to testify on his behalf, he could not locate the witnesses when he sought to present their testimony. *Id.* Lee requested a continuance so that he could locate the witnesses; however, the trial court denied his motion. A jury convicted Lee, and the state appeals court affirmed the trial court's denial of his motion for a continuance, finding Lee had not conformed with procedural rules regarding the requirements of a motion for a continuance. *Id.* Unlike the instant case, the Supreme Court's decision in *Lee* considered the issue of whether the state ground indicated by the state appellate court for denying Lee's claim was adequate to preclude federal habeas corpus review. *Id.*