Jose **MARIANO–SANTOS**, Petitioner—Appellant,

v.

Sharon **BLACKETTER**, Superintendent, Eastern Oregon Correctional Institution, Respondent—Appellee.

No. 07–35368.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2008.*

Filed Feb. 7, 2008.

Noel Grefenson, Esq., Storkel & Grefenson, P.C., Salem, OR, for Petitioner–Appellant.

Douglas Park, Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

---

* The panel finds this case suitable for decision without oral argument argument. *See* Fed. R.App. P. 34(a)(2).

Before: RYMER, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Jose Mariano–Santos appeals the district court's denial for his petition of a writ of habeas corpus. We affirm.

We disagree that the state postconviction court incorrectly applied a preponderance of the evidence standard such that our review should be de novo. The court merely (and not improperly) applied this standard to the underlying facts, not to its application of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Holland v. Jackson,* 542 U.S. 649, 124 S.Ct. 2736, 159 L.Ed.2d 683 (2004); *Davis v. Woodford,* 384 F.3d 628, 638 (9th Cir.2004).

Nor does the record indicate that Mariano–Santos's guilty plea was not knowing, voluntary, and intelligent. The state court's factual determinations are presumed correct absent rebuttal by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Mariano–Santos has made no such showing here. His plea indicates that he pointed a firearm at, and threatened to kill, the victim; that his attorney explained the maximum penalties; and that he did not dispute the factual basis for the plea. In any event, even assuming deficient performance, there is no substantial evidence in the record that Mariano–Santos would not have pled guilty regardless. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding that a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded

guilty and would have insisted on going to trial.").

AFFIRMED.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

