Gualberto **LOPEZ**, Petitioner—Appellant,

v.

Richard **KIRKLAND**, Warden, Respondent—Appellee.

No. 07–55417.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2008.*

Filed July 28, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Gualberto Lopez, Crescent, CA, pro se.

Kenneth N. Sokoler, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

### MEMORANDUM**

Gualberto Lopez appeals the district court's denial of his petition for habeas corpus relief. *See* 28 U.S.C. § 2254. We affirm.

Lopez seeks habeas corpus relief on the basis that counsel was ineffective because he failed to call alibi witnesses at Lopez's trial. Lopez did not present affidavits from those alleged witnesses to the state courts or, for that matter, to the district court. *See Dows v. Wood*, 211 F.3d 480, 486–87 (9th Cir.2000). To obtain relief on the basis of ineffective assistance of counsel, Lopez must show both that counsel's representation was deficient,[1] and that there was a "reasonable probability" that in the absence of counsel's alleged error

the result of the proceeding would have been different.[2] On this record, we cannot say that the state court decision to deny relief was objectively unreasonable;[3] it bespeaks neither a violation of clearly established law[4] nor an unreasonable application thereof.[5] That is, we cannot say that on this record the state court was required to determine that counsel was ineffective because he did not call alibi witnesses, and concentrated, instead, on discrediting the prosecution witnesses.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To be deficient, counsel's performance must have fallen "below an objective standard of reasonableness." *Id.* at 688, 104 S.Ct. at 2064.

2. *Id.* at 694, 104 S.Ct. at 2068.

3. *See Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir.2005) (per curiam); *see also Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737–38, 159 L.Ed.2d 683 (2004).

4. *See Mitchell v. Esparza*, 540 U.S. 12, 15–16, 124 S.Ct. 7, 10, 157 L.Ed.2d 263 (2003) (per curiam); *Lockyer v. Andrade*, 538 U.S. 63, 71–72, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003).

5. *See Lockyer*, 538 U.S. at 75, 123 S.Ct. at 1174.