In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1404

WILLIAM RILEY SUTHERLAND, III,

*Petitioner-Appellant,*

*v.*

DONALD GAETZ, WARDEN,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 3469—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED MAY 15, 2009—DECIDED SEPTEMBER 14, 2009

Before EASTERBROOK, *Chief Judge*, and BAUER and
FLAUM, *Circuit Judges*.

BAUER, *Circuit Judge*. William Riley Sutherland, III
was tried before a jury in an Illinois state court on
charges of attempted first-degree murder, aggravated
battery with a firearm and home invasion. On the
third day of trial, Sutherland's defense counsel was held
in contempt and jailed overnight. Defense counsel
returned to court the next morning and represented

Sutherland through the conclusion of trial, at which time a jury found Sutherland guilty of all charges. In his direct appeal and again throughout post-conviction proceedings, Sutherland claimed that he was denied the assistance of counsel because the jailing of his attorney prevented the preparation of his defense. After those challenges were unsuccessful, Sutherland sought a writ of habeas corpus in federal court under 28 U.S.C. § 2254. The district court denied his petition, a decision which Sutherland now appeals and we affirm.

## I. BACKGROUND

On the third day of Sutherland's five-day jury trial, defense counsel thrice violated a court order barring him from eliciting testimony regarding exculpatory statements Sutherland made to police. After the third violation, the court called an evening recess and ordered counsel jailed overnight.

The next morning, the trial resumed; defense counsel presented its entire case, including Sutherland's testimony. On the fifth and final day of trial, the State called one rebuttal witness, and the parties presented closing arguments. At the conclusion of trial, Sutherland was convicted of two counts each of attempted first-degree murder, aggravated battery with a firearm and home invasion.

Sutherland first objected to his counsel's overnight incarceration in a motion for mistrial filed approximately one month after his conviction. In a supporting affidavit,

defense counsel described his experience at the Cook County Jail. Counsel alleged that Sutherland was unable to communicate with him during his incarceration. Further, defense counsel stated that he was able to sleep for only three hours during the overnight recess and, as a result, returned to court the next day sleep-deprived and devoid of the mental clarity to adequately present Sutherland's case. According to counsel, he lacked the "presence of mind" to request either a mistrial or continuance when the trial resumed the following day. The trial court denied the motion.[1]

On direct appeal, Sutherland raised numerous challenges, including a claim that his counsel's overnight incarceration amounted to a constructive denial of his Sixth Amendment right to counsel. In affirming his conviction, the Illinois Appellate Court noted that Suther-

---

[1] Defense counsel's obstinate behavior and the court's exasperation with it may be reminiscent for some of the contentious interplay between the fictional characters of Vincent LaGuardia Gambini and Judge Chamberlain Haller in the film "My Cousin Vinnie." On three separate occasions during trial, Judge Haller held Vinnie in contempt and, each time, made him spend the overnight recess in jail. However, unlike defense counsel here, Vinnie, a New York lawyer struggling to adapt to the rural-Alabama trial setting, found that the accommodations in jail offered the best night's sleep he could find away from the Big Apple. Upon his return to the courtroom, a revitalized Vinnie dismantled the credibility of the State's circumstantial case and cleared the names of the "two yutes" he represented. (And again we see that life follows art).

land did not contend that defense counsel asked to confer with Sutherland during his night of incarceration, that Sutherland requested to see his counsel that night, or that such a request was denied by jail authorities. *People v. Sutherland*, 743 N.E. 2d 1007, 1015 (Ill. App. Ct. 2000). Therefore, the court reasoned, Sutherland could not prove that he was denied his right to the assistance of counsel. *Id*.

Thereafter, Sutherland filed a pro se petition for post-conviction relief in the state trial court in which he again argued that his counsel's incarceration violated his Sixth Amendment rights. This time, Sutherland presented a supporting affidavit in which he alleged for the first time that jail personnel denied his request to meet with counsel during the overnight recess. In dismissing the petition, the trial court found that, because the claim was the same constructive-denial-of-counsel claim that Sutherland had raised on direct appeal, it was barred by res judicata. Sutherland then brought a § 2254 petition in federal district court. Finding that the Illinois Appellate Court had properly rejected Sutherland's constructive denial of counsel claim, the district court denied the petition for a writ of habeas corpus. Sutherland sought a certificate of appealability, which we granted.

## II. DISCUSSION

Sutherland contends that he was denied his Sixth Amendment right to assistance of counsel when he was not allowed to confer with his counsel during an

overnight recess the night before his case-in-chief was to be presented. Sutherland claims that the contempt order entered against his attorney and, later, the refusal by Cook County Jail officials to allow Sutherland and his attorney to communicate when they were being held in the same facility, combined to result in the denial.

We review de novo the district court's denial of a habeas petition. *Ben-Yisrayl v. Buss*, 540 F.3d 542, 546 (7th Cir. 2008). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), we may grant habeas relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 376 (2000). A state-court decision is "contrary to" federal law, within the meaning of the federal habeas statute, if the state court either incorrectly laid out governing United States Supreme Court precedent, or, having identified the correct rule of law, decided a case differently than a materially factually indistinguishable Supreme Court case. 28 U.S.C.A. § 2254(d)(1); *Calloway v. Montgomery,* 512 F.3d 940, 943 (7th Cir. 2008). An "unreasonable application" of United States Supreme Court precedent occurs, within the meaning of the federal habeas statute, when a state court identifies the correct governing legal rule but unreasonably applies it to the facts of a case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context in which it should not apply or

unreasonably refuses to extend that principle to a new context in which it should apply. 28 U.S.C.A. § 2254(d)(1); *Muth v. Frank,* 412 F.3d 808, 814 (7th Cir. 2005).

This standard only applies, however, to a "claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d). In this case, the post-conviction trial court applied res judicata to Sutherland's denial-of-assistance-of-counsel claim. Because a judgment of res judicata is not an adjudication on the merits, *see Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004), the state court decision that is subject to our review is the judgment of the Illinois Appellate Court. In rejecting Sutherland's claim, that court applied the Supreme Court's decision in *Geders v. United States*, 425 U.S. 80 (1976). In *Geders*, the Court held that "an order preventing petitioner from consulting his counsel 'about anything' during a 17-hour overnight recess between his direct-and cross-examination impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment." *Id*. at 91. Distinguishing from *Geders*, the Illinois Appellate Court found that in Sutherland's case, neither defense counsel nor Sutherland was sequestered by a court order, nor did the trial court order the attorney and Sutherland not to speak to each other. *Sutherland*, 743 N.E. 2d at 1007.

Moreover, the court reasoned, Sutherland did not show that the trial court's overnight incarceration of his counsel for contempt prevented him from conferring with his attorney during that period or that he desired to do so. *Id*. The court noted that Sutherland was

obligated to prove that he was actually denied his right to consult with his attorney. *Id. (*citing *People v. Stewart*, 514 N.E. 2d 51, 54 (Ill. App. Ct. 1987)) (defendant's placement in isolation cell during overnight recesses of his trial did not deprive him of assistance of counsel absence evidence that defendant attempted or was prevented from contacting counsel by jail authorities).

Sutherland argues that, by declining to find that the overnight jailing of his attorney amounted to a *Geders*-like constructive denial of counsel, the Illinois Appellate Court unreasonably applied Supreme Court precedent. We disagree. Granting Sutherland's petition would require us to conclude that *Geders* applies even in circumstances where a petitioner has not demonstrated that he attempted to communicate with counsel during a recess. The court order in *Geders,* entered over counsel's objection, expressly prohibited the petitioner from consulting with his attorney during a 17-hour overnight recess. The Court took caution to note that it refused to reach limitations imposed in other circumstances.

The Illinois Appellate Court concluded that Sutherland's circumstances were distinct because he could only speculate on the limitations to his capacity to confer with his counsel. The material facts in this case were distinguishable from those in *Geders*, and the court reached a different conclusion. *See* 28 U.S.C.A. § 2254(d)(1). In light of the evidence it had before it, the state appellate court properly refused to extend *Geders* from a scenario where the denial of the right to consult counsel was actual to one where it was merely speculative.

We mention the state court's determination vis-à-vis the record because Sutherland later attempted to supplement it. In his post-conviction petition before the Illinois trial court, Sutherland submitted an affidavit in which he alleged for the first time that jail personnel denied his request to meet with counsel during the overnight recess. The state trial court refused to consider the affidavit and, finding that Sutherland was merely raising the same claim that he had raised on direct appeal, applied res judicata. In reaching our determination concerning whether the Illinois Appellate Court's decision contradicted Supreme Court law, the allegations made by Sutherland in his affidavit are not part of our consideration. Because to determine whether a state court's decision was unreasonable, it must be assessed in light of the record the court had before it. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004). While defense counsel's affidavit was before the Illinois Appellate Court, Sutherland's affidavit was not.

Sutherland also argues that the post-conviction trial court should have considered his affidavit and re-adjudicated his constructive-denial-of-counsel claim fully on the merits. Had the trial court opted to do so, instead of invoking res judicata, its decision would be the focus of our analysis here. *See McBride*, 375 F.3d at 649. As it is, the Illinois Appellate Court remains the last state court to adjudicate the claim on the merits and our analysis does not change.

Sutherland may appear a victim of procedural barriers; he is not. Under the habeas statute, Sutherland's affidavit

could have been the subject of a evidentiary hearing by the district court if he had shown that he was not at fault in failing to develop the evidence in state court or, if he was at fault, that he could meet the conditions prescribed in § 2254(e)(2). *See Jackson*, 542 U.S. at 652-53. However, Sutherland did not argue before the district court that either of these conditions had been demonstrated nor did the district court make such a finding. Sutherland has advanced no reason why his affidavit should receive consideration.

Even assuming Sutherland's affidavit was part of our consideration here, we would reach the same conclusion. That is because, even if Sutherland and his counsel were prevented from conferring with each other during the overnight recess, nothing prevented Sutherland's counsel from requesting the preparation time they were denied when trial resumed the next day. That morning, Sutherland's counsel could have moved for a continuance in light of the circumstances that had arisen the previous night. He did not do so. Had Sutherland made such a motion and the court denied it, Sutherland might have had cause to argue that his inability to confer with counsel during the overnight recess materially affected the preparation of his defense. As it stands, there is no evidence before us suggesting that Sutherland's inability to communicate with counsel that night had any bearing on the trial itself.

True, Sutherland's counsel alleged in his own affidavit that his overnight jailing left him sleep-deprived and devoid of the mental clarity to adequately present Suther-

land's case or even move for a continuance. But his claim lacks any credibility. We cannot accept that an attorney functioning on little rest, whether it be three hours of sleep or no sleep at all, would lack the presence of mind even to request a simple continuance. The trial record shows that Sutherland's counsel never raised the issue of sleep-deprivation with the court on the morning trial resumed; furthermore, he cross-examined witnesses and made a closing argument while proceeding to the trial's conclusion. In light of his capacity to perform these functions, it is impossible to believe counsel lacked the presence of mind to step before the court and request additional time to prepare the case if the overnight jailing had truly impeded his ability to do so.

We comment in passing, however, that the problem need not have arisen at all had the trial court postponed the sanctions until the trial was over. That is, the court could have simply held counsel in contempt, but postponed his confinement until the conclusion of trial. Nevertheless, Sutherland has not presented any argument that shows the state court's adjudication of his claim was contrary to, or involved an unreasonable application of, Supreme Court precedent.

### III. CONCLUSION

For the reasons set forth above, we AFFIRM the district court's denial of Sutherland's habeas corpus petition.