*417 COOK, Circuit Judge,
dissenting.
Though addressing the problem highlighted in Parker v. Matthews, — U.S. -, 132 S.Ct. 2148, 183 L.Ed.2d 32 (2012), the court’s revised opinion persists with many aspects questioned by my prior dissent. I therefore stand by that earlier dissent, adding the following observations about the new opinion.
The majority retreats from its earlier criticism of the state court’s interpretation of Michigan’s legal insanity statute. Cf. Walker I, 656 F.3d at 320-21 (concluding that “[t]he state appeals court’s determination, based on its own assessment that the ‘evidence that defendant had the consciousness of guilt’ outweighed all evidence regarding Walker’s mental illness, is a thinly veiled and unsupportable conclusion that it simply did not believe that Walker was legally insane”). It likewise eschews its sua sponte, independent rationale for habeas relief under § 2254(d)(2). Id. at 319 (finding that the Michigan Court of Appeals unreasonably determined facts in light of the evidence). In its place, however, the court now claims that the state court failed to apply the correct Strickland rule, denying in a footnote that the state court even recited the correct standard. See supra n. 4.
This reasoning departs from the court’s finding in Walker I that the state court had “properly stat[ed] the Strickland standard for prejudice,” 656 F.3d at 320, and, more importantly, overlooks the fact that the state court did. Compare People v. Walker, 2005 WL 657727, at *1 n. 6 (citing state-court authority in its discussion of Strickland, and defining prejudice as “a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different”), with Strickland, 466 U.S. at 694, 104 S.Ct. 2052 (“The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”). In this battle of the footnotes, the state court has the upper hand.
The above portion of the state court’s opinion correctly stated the Strickland standard, and its conclusion also utilized Strickland’s “reasonable probability” language. People v. Walker, 2005 WL 657727, at *2 (finding that “there is not a reasonable probability that defendant had a likely chance of acquittal”). Given this context, the fact that the state court twice referred to a “likely chance of acquittal” in its application of the rule — without corresponding language excluding other outcomes — does not reflect an attempt to raise Strickland’s prejudice bar. Cf. Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 1404, 179 L.Ed.2d 557 (2011) (clarifying that a “reasonable probability ... sufficient to undermine confidence in the outcome,” under Strickland, “requires a ‘substantial,’ not just ‘conceivable,’ likelihood of a different result” (citation omitted)); Knowles v. Mirzayance, 556 U.S. 111, 127-28, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009) (reversing habeas relief and rejecting Strickland claim where petitioner failed to show a “‘reasonable probability’ that he would have prevailed on his insanity defense had he pursued it” (emphasis added)).
Nor does the state court’s characterization of Strickland prejudice as ineffective assistance that “was so prejudicial to [the defendant] that he was denied a fair trial,” People v. Walker, 2005 WL 657727, at *1 n. 6; it closely tracks Strickland’s description of the concept, see Strickland, 466 U.S. at 687, 104 S.Ct. 2052 (observing that prejudice “requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable”). As the Supreme Court has reminded us, AEDPA requires that we give state-court decisions “the benefit of *418 the doubt” and “presum[e] that state courts know and follow the law” unless shown otherwise. Holland v. Jackson, 542 U.S. 649, 654-55, 124 S.Ct. 2736, 159 L.Ed.2d 683 (2004) (citations omitted). Today’s majority does neither. See id. (reversing this court’s grant of habeas relief and rejecting Strickland claim, where the state court properly recited the Strickland prejudice standard, and stray references to a preponderance-of-the-evidence standard did not evince a departure from that standard).
Compounding the error, the majority dismisses the state court’s prejudice analysis as “conclusory,” and seems to fault the state court for expressing doubts about its previous ineffective-assistance finding. See People v. Walker, 2005 WL 657727, at *1 (concluding that “defendant failed to show that he had a meritorious insanity defense, and thus, failed to show that counsel was ineffective for failing to present such a defense”). As explained in the Walker I dissent, the state court weighed petitioner’s new mitigating evidence against Dr. Fields’s contrary reports and defendant’s multiple attempts to conceal the murder, ultimately agreeing with defense counsel that petitioner’s insanity defense would be unavailing. That conclusion is not objectively unreasonable; fairminded jurists could (and did) disagree on this point. In light of this analysis, I fail to see how the state court’s reservations on the ineffectiveness issue elevates this case to an “extreme malfunction ] in the state criminal justice system[]” warranting relief under AEDPA. Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (citation omitted).
I respectfully dissent.