NO. 12-06-00226-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


DERRICK MORGAN,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Derrick Morgan, pro se, appeals his conviction for harassment by persons in certain
correctional facilities. Appellant asserts six issues on appeal. (1) We affirm.


Background

 Appellant was charged by indictment with harassment by persons in certain correctional
facilities. Specifically, the indictment alleged that Appellant threw urine onto another person while
confined in the Smith County Jail. (2) As charged, this offense constituted a third degree felony. The
State subsequently filed written notice of intent to seek a higher range of punishment based upon two
prior felony convictions: aggravated assault and evading arrest or detention. Based on these prior
convictions, the range of punishment for the offense could be enhanced to imprisonment for a term
of twenty-five years to life. Appellant pleaded not guilty and was tried before a jury. The jury found
Appellant guilty of the offense as charged in the indictment. Appellant pleaded true to the State's
enhancement allegations and the jury found those allegations to be true. The jury assessed
Appellant's punishment at ninety-nine years of imprisonment. This appeal followed.


Constitutionality of Statute

 In his first issue, Appellant argues that the "TRIAL COURT ERRED IN OVERRULING
DEFENDANT'S MOTION 'CHALLENGE TO CONSTITUTIONALITY OF STATUTE (42.07)
UPON WHICH DEFENDANT STANDS CHARGED BY INDICTMENT['] . . . ." Appellant also
appears to argue, in the alternative, that the trial court overruled Appellant's motion without first
"considering" it. Finally, Appellant argues that the trial court erred by failing to explain to the
parties its reasons for overruling the motion.

Consideration of Motion

 We begin by addressing Appellant's argument that the trial court failed to consider his
motion. At the pretrial hearing, the trial court stated that it had received Appellant's motion and that
it had signed an order overruling that motion. The written order is contained in the clerk's record. 
Neither the reporter's record nor the clerk's record reflects that the trial court overruled this motion
without first considering it. In the absence of any proof to the contrary, we will presume that the trial
court considered the motion in question before overruling it. See Word v. State, 206 S.W.3d 646,
651 (Tex. Crim. App. 2006).

Failure to Explain Reasons for Ruling

 Appellant also complains that the trial court failed to explain the reasons for its ruling. 
However, trial courts are, generally, not required to set forth particular reasons for their rulings. See,
e.g., Carmouche v. State, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) ("[W]e will assume that the
trial court made implicit findings of fact supported in the record that buttress its conclusion."). 
Further, were this failure error, it would not be preserved for review because it was not complained
of in the trial court. See Tex. R. App. 33.1.




Constitutionality

 Appellant was indicted under Texas Penal Code section 22.11. (3) See Tex. Penal Code Ann.
§ 22.11 (Vernon Supp. 2008). From our reading of Appellant's brief, we can discern two basic
complaints about section 22.11. First, Appellant complains that, because of the language of section
22.11, he "was forced to be cloaked in the equivalent of an inmate's uniform in front of the venire
panel because . . . [of] the statutory provision that designated that he was an inmate at the time of the
alleged offense." According to Appellant, "[t]his statute is facially unconstitutional because it
violates [the] presumption of innocence protections that are the bedrock of our judicial system." 
Second, Appellant complains that "the statute is vague and ambiguous regarding the mental state
required to be proved by the State."

 Here, when reviewing the trial court's ruling on Appellant's constitutionality challenge, we
will apply a de novo standard of review. We will do so because the trial court was not in a better
position than this court to determine whether section 22.11 is unconstitutional. See Eguia v. State,
No. 01-06-01136-CR, 2008 WL 4965178, at *10 (Tex. App.-Houston [1st Dist.] Nov. 20, 2008, no
pet.) (citing Lawrence v. State, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007)). When evaluating
the constitutionality of a statute, we initially presume that the legislature has not acted
unconstitutionally and that the statute is valid. See Rodriguez v. State, 93 S.W.3d 60, 69 (Tex. Crim.
App. 2002). The burden rests upon the individual who challenges the statute to establish its
unconstitutionality. Id. In the absence of contrary evidence, we will presume that the legislature
acted in a constitutionally sound fashion. Id. 

 In regard to Appellant's first complaint that one element of the charged offense is that the
defendant be "imprisoned or confined in a correctional or detention facility," Appellant has not met
his burden to establish the statute's unconstitutionality. See Tex. Penal Code Ann. § 22.11(a)(1). 
This is because we are not persuaded that either the United States or Texas constitutions prohibit the
State of Texas from criminalizing acts specific to those engaged in by incarcerated or confined
persons. Cf. Old Chief v. United States, 519 U.S. 172, 174, 117 S. Ct. 644, 647, 136 L. Ed. 2d 574
(1997) (prosecution entitled to present evidence of prior felony where existence of prior felony is
element of current offense in question). Indeed, it seems reasonable that the State of Texas would
seek to criminalize certain specific conduct occurring in prisons and jails, such as an inmate's assault
of another person by throwing urine on him. Cf. Milligan v. State, 554 S.W.2d 192, 194 (Tex. Crim.
App. 1977) ("We have no difficulty in perceiving a rational basis for the application of the statute
to persons convicted of felonies involving an act of violence or threatened violence . . . ."). Further,
it would seem impossible for the legislature to draft statutes criminalizing such conduct without
making some reference to a person's status as an inmate. We hold that the United States and Texas
constitutions do not, in the context of section 22.11, require such a drafting. Cf. Old Chief, 519 U.S.
at 174, 117 S. Ct. at 647; Milligan, 554 S.W.2d at 194. 

 Appellant's second complaint, that "the statute is vague and ambiguous regarding the mental
state required to be proved by the State," is also unpersuasive. Section 22.11 states that a person
does not commit an offense unless they commit the statutorily prohibited conduct "with the intent
to assault, harass, or alarm." Tex. Penal Code Ann. § 22.11(a). This statutory language is not
vague or ambiguous. (4) See id. Even if this portion of the statute were inadequate, any ambiguity
would be cured by penal code section 6.02. See Tex. Penal Code Ann. § 6.02 (Vernon Supp. 2008)
("If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless
required under Subsection (b), intent, knowledge, or recklessness suffices to establish criminal
responsibility."); West v. State, 567 S.W.2d 515, 516 (Tex. Crim. App. 1978) ("Although Sec.
30.05, supra, does not prescribe a culpable mental state, we hold that a culpable mental state of
intentionally, knowingly, or recklessly is required by Sec. 6.02, supra."). Appellant has failed to
meet his burden to establish the unconstitutionality of section 22.11. See Rodriguez, 93 S.W.3d at
69. The trial court did not err in overruling Appellant's motion.

Conclusion 

 The record does not reflect that the trial court failed to consider Appellant's motion
challenging the constitutionality of section 22.11. See Word, 206 S.W.3d at 651. And, the trial court
was not required to explain the reasons for its ruling. See Carmouche, 10 S.W.3d at 328. Finally,
Appellant has not met his burden to establish that section 22.11 is unconstitutional. See Rodriguez,
93 S.W.3d at 69. Therefore, we overrule Appellant's first issue.


Motion for New Counsel

 In his second issue, Appellant claims that the "TRIAL COURT ERRED IN DENYING
DEFENDANT'S ORAL MOTION FOR AN ATTORNEY." Appellant also argues that the trial
court erred by failing to explain the reasons for this denial. The record reflects that, at the pretrial
conference, Appellant personally made an oral motion before the trial court that he be provided with
a new court appointed attorney. 

 Rule 38.1(i) of the Texas Rules of Appellate Procedure provides that an appellate brief must
contain "a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record." Tex. R. App. P. 38.1(i) (formerly Tex. R. App. P. 38.1(h)). When an
appellant does not adequately comply with rule 38.1(i), nothing is presented for appellate review.
See State v. Gonzalez, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993); Nguyen v. State, 177 S.W.3d
659, 669 (Tex. App.-Houston [1st Dist.] 2005, pet. ref'd). Here, other than the bare allegation that
the trial court erred, Appellant has failed to offer any argument in support of his issue. Because
Appellant has failed to provide us with an adequate substantive analysis of his issue, he has
presented nothing for our review. We overrule Appellant's second issue.


Motion for Continuance

 In his third issue, Appellant asserts that the "TRIAL COURT ERRED IN DENYING
DEFENDANT'S ORAL MOTION FOR . . . CONTINUANCE IN WHICH TRIAL COURT ERRED
BY ALLOWING BOTH SIDES TO PROCEED WITH TRIAL . . . ." Appellant also complains that
the trial court erred by failing to explain the reasons for this denial. Finally, Appellant states that
"[t]he defendant made a desperate motion that was not taken seriously by the trial court."

 The record before us reflects the oral motion made by Appellant was a motion for new
counsel, not a motion for continuance. At no point did Appellant request a continuance or otherwise
seek additional time to prepare for trial. Further, the trial court did not rule on a motion for
continuance or any similar request. The ruling made by the trial court was in relation to the motion
for new counsel. Therefore, the errors Appellant complains of did not occur. See Word, 206 S.W.3d
at 651. We overrule Appellant's third issue. See id.; see also Pena v. McDowell, No.
12-05-00116-CV, 2007 WL 949614, at *4 (Tex. App.-Tyler Mar. 30, 2007, no pet.) (mem. op.)
(overruling issue after finding that the error complained of did not occur); Odom v. Odom, No.
12-06-00218-CV, 2007 WL 677800, at *1 (Tex. App.-Tyler Mar. 7, 2007, no pet.) (mem. op.)
(same).


Punishment

 In his fourth issue, Appellant alleges that the trial court erred by allowing the jury to assess
an excessive punishment. First, Appellant complains that "[t]he record affirmatively establishes that
the defense did not have adequate time to prepare for trial due to the lack of time the Brooks Notice
was file[d] against the defendant . . . ." As such, Appellant argues that the Brooks notice was
improper. Second, Appellant states that "[t]he enhancement allegations within the Brooks Notice
[were] never amended to the indictment nor . . . did the grand jury have a chance to consider such
enhancement allegation[s] upon indicting the defendant[,] which limits [the State's] use on the past
conduct to impeachment purposes only." According to Appellant, "[i]n order for the jury to be
authorized in sentencing Appellant to Ninety-Nine years imprisonment, the Indictment should have
been returned to the Grand Jury for Amendment and the inclusion of the paragraphs used for
enhancement." Third, Appellant claims that the trial court erred by allowing the jury to consider and
impose a range of punishment in excess of that set forth in section 42.07 of the penal code. 
Appellant argues that these three matters show that the trial court committed reversible error,
including violations of the Unites States and Texas constitutions.

 The caption of the indictment in question indicates that Appellant was indicted for
"CHARGE: Harassment" under "ARTICLE: 42.07." We assume, as Appellant has, that this is a
reference to section 42.07 of the Texas Penal Code. This section sets forth the offense of
"Harassment." See Tex. Penal Code Ann. § 42.07 (Vernon 2003). However, the body of the
indictment alleges the offense of "Harassment By Persons in Certain Correctional Facilities," a
violation of Texas Penal Code section 22.11. See Tex. Penal Code Ann. § 22.11. We begin our
analysis by determining the effect of this inconsistency.

 

 The Texas Court of Criminal Appeals has stated that "the caption is really no part of the
indictment proper . . . ." Stansbury v. State, 128 Tex. Crim. 570, 574, 82 S.W.2d 962, 964 (1935). 
Therefore, where the caption lists a different offense from the one alleged in the body of the
indictment, the body controls. See Adams v. State, 222 S.W.3d 37, 52-53 (Tex. App.-Austin 2005,
pet. ref'd); 41 George E. Dix et al., Texas Practice: Criminal Practice and Procedure § 20.62 (2d
ed. 2001) ("If . . . the caption identifies the charged offense as one different than what is actually
charged in the charging instrument, this is of no significance. It does not constitute a defect in the
charging instrument, nor does it give rise to some sort of fatal variance when the proof at trial shows
the offense charged in the instrument proper rather than the offense specified by name in the
caption."). As such, the offense alleged in the indictment in question was a violation of section
22.11, not section 42.07. (5)

 A violation of section 22.11 is a third degree felony. See Tex. Penal Code Ann. § 22.11(b). 
Six days before trial, the State filed a Brooks notice indicating the State's intent to seek a higher
range of punishment based upon two prior felony convictions: aggravated assault and evading arrest
or detention. See Brooks v. State, 957 S.W.2d 30, 31-34 (Tex. Crim. App. 1997). Based upon these
prior convictions, the range of punishment for the offense properly could be enhanced to
imprisonment for a term of twenty-five years to life. See Tex. Penal Code Ann. § 12.42(d)
(Vernon Supp. 2008). (6) It was not necessary for the indictment to be amended. See Brooks, 957
S.W.2d at 31-34. 

 We note that Appellant alleges this Brooks notice was improper because it was not timely
filed. However, when a defendant has no defense to the enhancement allegation and has not
suggested the need for a continuance to prepare one, notice given as late as the beginning of the
punishment phase satisfies both the federal and Texas constitutions. Villescas v. State, 189 S.W.3d
290, 294 (Tex. Crim. App. 2006). Here, Appellant did not request a continuance and pleaded true
to the enhancement allegations contained in the Brooks notice. Therefore, the timing of the notice
was acceptable. See id. at 293 ("Although the Brooks opinion did not explicitly refer to the source
of the pleading requirement, it did make clear that the requirement did not flow from statutory
provisions relating to the indictment, and in fact, we are aware of no statute that requires this type
of pleading.").

 The jury assessed Appellant's punishment at 99 years of imprisonment. In light of the State's
Brooks notice, and Appellant's pleas of true, this sentence was within the proper range of
punishment. We do not know of any common law, statute, or constitutional provision that would
require reversal. See id. at 293-94; Brooks, 957 S.W.2d at 31-34. Therefore, we overrule
Appellant's fourth issue.


Evidentiary Sufficiency

 In his fifth issue, Appellant challenges the legal and factual sufficiency of the evidence that
"the substance coming from the defendant[']s cell was urine." Appellant further challenges the
sufficiency of the evidence that "the substance was the urine of the defendant." 

Standard of Review 

 Evidence is legally insufficient when an appellate court, viewing the evidence in the light
most favorable to the judgment, determines that a rational trier of fact could not have found the
essential elements of the offense beyond a reasonable doubt. Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993) (citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.
Ed. 2d 560 (1979)). We must bear in mind that the factfinder is the exclusive judge of the credibility
of witnesses and of the weight to be given their testimony. See Barnes v. State, 876 S.W.2d 316,
321 (Tex. Crim. App. 1994). The factfinder is entitled to draw reasonable inferences from the
evidence. See Dudley v. State, 205 S.W.3d 82, 86-87 (Tex. App.-Tyler 2006, no pet.). Likewise,
the reconciliation of conflicts in the evidence is within the exclusive province of the factfinder. See
Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). A successful legal sufficiency
challenge will result in rendition of an acquittal by the reviewing court. See Tibbs v. Florida, 457
U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

 Evidence is factually insufficient "only if the evidence supporting guilt is so obviously weak,
or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust." Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App.
2002). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the
conscience" or "clearly demonstrates bias." Zuniga v. State, 144 S.W.3d 477, 481 (Tex. Crim. App.
2004). In conducting a factual sufficiency review of the evidence, we consider all of the evidence
weighed by the jury that tends to prove the existence of the fact in dispute and compare it to the
evidence that tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim.
App. 1997). Although we are authorized to disagree with the jury's determination, even if probative
evidence exists that supports the verdict, see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996), our evaluation should not substantially intrude upon the jury's role as the sole judge of the
weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where there is
conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. Dudley,
205 S.W.3d at 89. We cannot declare that a conflict in the evidence renders the evidence factually
insufficient simply because we disagree with the jury's resolution of the conflict. See Watson v.
State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). A successful factual sufficiency challenge will
result in a reversal of the conviction challenged and remand of the case for a new trial. See id. at
414.

Discussion

 We begin by noting that Appellant argues there was no evidence showing that the substance
in question was urine or belonged to him. To the contrary, however, the State presented evidence
that Appellant was alone in an isolation cell and that he threw urine onto Sergeant Justin Hall, a
jailer at the Smith County Jail. The evidence was uncontroverted that, at the time, Appellant was
alone, in an isolation cell, with his own private toilet. And, although the testimony was disputed by
Appellant, Sergeant Hall testified that the substance thrown by Appellant was urine. Sergeant Hall
testified that the substance smelled of urine and that it hit him in the face and went into his mouth. 
Based on his training and experience, Sergeant Hall had "no doubt" that the substance was urine. 
Another jailer, Officer Ruby Chimney, also testified that the substance was urine. She based this on
the smell of the substance. Two other jailers, Officer Derodric Loftis and Officer Shawn White,
testified that they observed urine on the floor after the incident. They both indicated they were able
to discern that the substance was urine based upon the smell. Officer White also added that the color
appeared consistent with urine. Finally, Appellant offered no explanation as to how he could have
had access to a substance that appeared to be urine but was not, or to urine that was not his own.

 Appellant argues in his brief that the evidence showed that he "had a colostomy bag that
would have [separated] his urine from any liquid in the toilet." Further, Appellant testified that the
liquid substance that hit Sergeant Hall was water from his toilet and that his toilet had been flushed
sometime before the incident. However, Appellant testified that he was able to empty his colostomy
bag, and that he routinely emptied it into his toilet. In short, Appellant's own testimony showed that
he had access to the contents of his colostomy bag and that the bag would not prevent his collecting
his own urine and throwing it onto someone.

 Viewing the evidence in the light most favorable to the judgment, and giving due deference
to the factfinder, we hold that a rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. See Johnson, 871 S.W.2d at 186. Further, after considering all
of the evidence, we hold that the evidence supporting guilt was not so obviously weak, or the
contrary evidence so strong, as to render the conviction clearly wrong or manifestly unjust. See
Ortiz, 93 S.W.3d at 87. We overrule Appellant's fifth issue.


Ineffective Assistance of Counsel

 In his sixth issue, Appellant argues that trial counsel was unconstitutionally ineffective for
"not objecting when the State Cross-Examined the Defendant at the Guilt/Innocence Stage of the
trial regarding his Prior Convictions Exhibits Number 6-16 . . . ." Appellant also argues that trial
counsel was unconstitutionally ineffective for failing to "object to the State presenting a Brooks
notice that was filed less than a week before trial."

Standard of Review 

 The standard for testing claims of ineffective assistance of counsel is set out in Strickland
v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and is applicable to this
appeal. See Hernandez v. State, 726 S.W.2d 53, 54-57 (Tex. Crim. App. 1986). To prevail on a
claim of ineffective assistance, an appellant must show that his attorney's representation fell below
the standard of prevailing professional norms, and that there is a reasonable probability that, but for
the attorney's deficiency, the result of the trial would have been different. Strickland, 466 U.S. at
687-88, 694, 104 S. Ct. at 2064-65, 2068. A reasonable probability is a probability sufficient to
undermine confidence in the outcome. Id., 466 U.S. at 694, 104 S. Ct. at 2068.

 "[A] defendant need not show that counsel's deficient conduct more likely than not altered
the outcome in the case." Id., 466 U.S. at 693, 104 S. Ct. at 2052 (emphasis added); see Pennington
v. State, 768 S.W.2d 740, 741 (Tex. App.-Tyler 1988, no pet.). The Supreme Court "found this
'outcome determinative' standard . . . too heavy a burden on defendants, and that its use was not
appropriate." Nealy v. Cabana, 764 F.2d 1173, 1178 (5th Cir. 1985) (citing Strickland, [466 U.S.
at 693-95], 104 S. Ct. at 2068-69). Instead, "[t]he result of a proceeding can be rendered unreliable
. . . even if the errors of counsel cannot be shown by a preponderance of the evidence to have
determined the outcome." (7) Strickland, 466 U.S. at 693, 104 S. Ct. at 2052; see Doherty v. State,
781 S.W.2d 439, 442 (Tex. App.-Houston [1st Dist.] 1989, no pet.).

 Our review of counsel's representation is highly deferential; we indulge a strong presumption
that counsel's conduct falls within a wide range of reasonable representation. Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065. This court will not second guess through hindsight the strategy of counsel
at trial, nor will the fact that another attorney might have pursued a different course, without more,
support a finding of ineffectiveness. See id. But see Ex parte Duffy, 607 S.W.2d 507, 526 (Tex.
Crim. App. 1980) ("Surely at some point 'tactic' becomes an unsatisfactory justification for
ineptness. And where silence which results in waiver of potentially reversible error in almost all
respects cannot be explained by the practitioner, we are not warranted in excusing his major
derelictions."). Further, a reviewing court will not find ineffectiveness by isolating any portion of
counsel's representation, but will judge the claim based on the totality of the representation. See
Strickland, 466 U.S. at 695, 104 S. Ct. at 2069.

Discussion

 As discussed above, Appellant testified at trial. On cross examination, the State impeached
Appellant's testimony by offering evidence of Appellant's prior convictions. Appellant's trial
counsel did not object to the State's impeachment of Appellant. Appellant asserts that trial counsel's
failure to object constituted ineffective assistance of counsel. According to Appellant, "[i]n cases
like this[,] where Appellant's defense rested almost entirely on his credibility, the weight of authority
supports a holding that Appellant's trial lawyer performed deficiently under the first prong of
Strickland by allowing the jury to hear prejudicial and clearly inadmissible evidence because this
evidence could serve no strategic value including demonstrating that Appellant was not a liar."

 Appellant has not set forth in his brief what objections counsel could have made to the
evidence in question. And, the record is silent as to why trial counsel did not make an objection. 
It was Appellant's burden to show, by a preponderance of the evidence, that trial counsel's
representation was deficient. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
Trial counsel was not required to make frivolous objections as part of his representation of
Appellant. See Edmond v. State, 116 S.W.3d 110, 115 (Tex. App.-Houston [14th Dist.] 2002, pet.
ref'd). Because Appellant has not identified any objections trial counsel could have made, he has
not met his burden to prove deficient representation. See Thompson, 9 S.W.3d at 813. 

 Similarly, Appellant argues that trial counsel should have objected to the timing of the State's
Brooks notice. Again, we note that trial counsel was not required to make frivolous objections as
part of his representation of Appellant. See Edmond, 116 S.W.3d at 115. For the reasons set forth
in our discussion of the State's Brooks notice, no nonfrivolous objection could have been raised to
the timing of that notice. See Villescas, 189 S.W.3d at 294. Therefore, trial counsel's conduct was
not deficient because of any failure to object to that notice based on its timing. See Edmond, 116
S.W.3d at 115. 

Conclusion

 Appellant was required to show that trial counsel's representation fell below the standard of
prevailing professional norms. See Strickland, 466 U.S. at 687-88, 694, 104 S. Ct. at 2064-65, 2068. 
He was required to do so by a preponderance of the evidence. See Thompson, 9 S.W.3d at 813. 
Because he has failed to do so, we overrule Appellant's sixth issue.




Disposition

 We affirm the judgment of the trial court. (8)




 SAM GRIFFITH 

 Justice



Opinion delivered September 2, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.
















(DO NOT PUBLISH)
1. Because Appellant is representing himself in this appeal, we have given him considerable latitude in the
consideration of what he has presented as issues for our review. See Perez v. State, 261 S.W.3d 760, 763 n.2 (Tex.
App.-Houston [14th Dist.] 2008, pet. ref'd). "However, we hold a pro se appellant to the same standards as a
licensed attorney, and require them to comply with applicable laws and rules of procedure." See id.
2. The victim was a jailer at the Smith County Jail.
3. Appellant's motion before the trial court appears to have been based upon the erroneous assumption that
Appellant had been charged with a violation of Texas Penal Code section 42.07. See Tex. Penal Code Ann.
§ 42.07 (Vernon 2003). Such an assumption could have been based on the grand jury's indictment, which listed the
charge as "CHARGE: Harassment" and the charging statute as "ARTICLE: 42.07." As we explain below in our
discussion of Appellant's fourth issue, the offense alleged in the indictment was a violation of section 22.11.
4. Appellant does not complain of the grand jury's substitution of the word "annoy" in place of the statutorily
prescribed "assault" in the indictment. Appellant also does not challenge the presence of this substitution in the jury
charge.
5. Appellant raised no complaint before the trial court regarding any alleged defect, error, or irregularity of
the form or substance of the indictment. See Tex. Code. Crim. Proc. Ann. art. 1.14(b) (Vernon 2005) (failure to
raise complaint in trial court constitutes waiver of right to later object on appeal).
6. Because it is unnecessary to do otherwise, this citation is to the most current version of the statute.
7. Generally, an appellant bears the burden of proving, "by a preponderance of the evidence," that counsel
was ineffective. See, e.g., Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). However, no such
showing may be required to prove the prejudice prong of Strickland - "that there is a reasonable probability that, but
for the attorney's deficiency, the result of the trial would have been different." Strickland, 466 U.S. at 693, 104 S.
Ct. at 2052 ("[A] defendant need not show that counsel's deficient conduct more likely than not altered the outcome
in the case."); see Holland v. Jackson, 542 U.S. 649, 654-55, 124 S. Ct. 2736, 2738-39, 159 L. Ed. 2d 683 (2004). 
Therefore, appellate courts should not require a preponderance of the evidence in support of Strickland's prejudice
prong. However, in relation to the first prong of Strickland, the unreasonable deficiency prong, appellate courts
should require a preponderance of the evidence.
8. To the extent that Appellant may have intended to raise additional complaints in his brief, he has either
failed to provide citation to the record or authority, or failed to provide substantive argument. Therefore, he has
failed to present these complaints for appellate review. See Tex. R. App. P. 38.1(i); Gonzalez, 855 S.W.2d at 697;
Nguyen, 177 S.W.3d at 669.