**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DAVID MARTINEZ RAMIREZ,
*Petitioner-Appellant*,

v.

DAVID SHINN,* Director, Arizona
Department of Corrections,
*Respondent-Appellee.*

No. 10-99023

D.C. No.
2:97-cv-01331-
JAT

ORDER

Filed August 24, 2020

Before: Sidney R. Thomas, Chief Judge, and Marsha S.
Berzon, and Richard R. Clifton, Circuit Judges.

Order;
Dissent by Judge Collins

---

* David Shinn has been substituted for his predecessor, Charles L. Ryan, as Director, Arizona Department of Corrections, under Fed. R. App. P. 43(c)(2).

## SUMMARY[**]

### Habeas Corpus

The panel denied a petition for rehearing and denied on behalf of the court a petition for rehearing en banc.

Dissenting from the denial of rehearing en banc, Judge Collins, joined by Judges Callahan, Ikuta, R. Nelson, Lee, Bress, Bumatay, and VanDyke, wrote that the panel's decision disregards controlling Supreme Court precedent by creating a new judge-made exception to the restrictions imposed by the Antiterrorism and Effective Death Penalty Act on the use of new evidence in habeas corpus proceedings.

### COUNSEL

Paula K. Harms (argued) and Timothy M. Gabrielsen, Assistant Federal Public Defenders; Jon M. Sands, Federal Public Defender; Office of the Federal Public Defender, Tucson, Arizona; for Petitioner-Appellant.

John P. Todd (argued), Special Assistant Attorney General; W. Scott Simon, Assistant Attorney General; Lacey Stover Gard, Chief Counsel; Mark Brnovich, Attorney General; Office of the Attorney General, Phoenix, Arizona; for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## **ORDER**

The panel has voted to deny the Respondent-Appellee's petition for rehearing. Chief Judge Thomas and Judge Berzon voted, and Judge Clifton recommended, to deny Respondent-Appellee's petition for rehearing en banc.

The full court was advised of the petition for rehearing en banc. A judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. *See* Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are **DENIED**. No future petitions for rehearing or rehearing en banc will be entertained.

---

COLLINS, Circuit Judge, with whom CALLAHAN, IKUTA, R. NELSON, LEE, BRESS, BUMATAY, and VANDYKE, Circuit Judges, join, dissenting from the denial of rehearing en banc:

The panel decisions in *Ramirez v. Ryan*, 937 F.3d 1230 (9th Cir. 2019), and *Jones v. Shinn*, 943 F.3d 1211 (9th Cir. 2019), disregard controlling Supreme Court precedent by creating a new judge-made exception to the restrictions imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") on the use of new evidence in habeas corpus

proceedings. *See* 28 U.S.C. § 2254(e)(2). I respectfully dissent from our failure to rehear these cases en banc.[1]

As the Supreme Court has explained, the negligence of "postconviction counsel" in developing the evidentiary record in state court is "chargeable to the client and precludes relief unless the conditions of § 2254(e)(2) are satisfied." *Holland v. Jackson*, 542 U.S. 649, 653 (2004). Specifically, § 2254(e)(2) bars "relief based on new evidence," with or without a hearing, unless one of its exceptions is applicable. *Id.* In both *Jones* and *Ramirez*, state postconviction counsel failed to develop the record to support the current claims of ineffective assistance of trial counsel that both petitioners wish to present in federal habeas corpus proceedings. Although there is (and can be) no contention that any of § 2254(e)(2)'s exceptions apply in either case, the panels in both cases nonetheless held that the strictures of § 2254(e)(2) did *not* apply to the new evidence that the petitioners wished to present in support of the merits of those claims.

The panels' reasoning was that, because the Supreme Court has held that ineffective assistance of postconviction counsel may establish "cause to excuse" the *separate* "procedural default" of failing to raise an ineffective-assistance-of-trial-counsel claim in state court, *see Martinez v. Ryan*, 566 U.S. 1, 13 (2012), a similar exception should also be recognized to excuse the separate prohibition on new evidence set forth in § 2254(e)(2). But *Martinez* relied on "the Court's discretion" to alter *judge-made* rules of procedural default, *id.*, and that power to recognize "judge-made exceptions" to judge-made doctrines does not extend

---

[1] In light of the common issue raised in the two cases, I am filing an identical combined dissent in both cases.

to *statutory* provisions, *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). "There, Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to." *Id*. And Congress has been clear in § 2254(e)(2) that it does not want any such new exceptions. Indeed, prior to the enactment of § 2254(e)(2), both distinct types of failure (*i.e.*, failure to raise a claim at all and failure to develop the factual record) were governed by the same "cause and prejudice" standard that *Martinez* later modified. *See Coleman v. Thompson*, 501 U.S. 722, 753–54 (1991); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11 (1992). But in § 2254(e)(2), Congress explicitly abrogated *Keeney*'s "cause and prejudice" standard and replaced it with a much more demanding standard that is concededly not met in either *Jones* or *Ramirez*. Given that Congress has eliminated in the evidentiary-development context the very predicate on which *Martinez* is based, we have no authority to rewrite the statute and to engraft a judge-made *Martinez* exception onto it.

The *Ramirez* decision presents a particularly stark violation of § 2254(e)(2). *Jones* only went so far as to contend that the *same* evidence used to established cause and prejudice under *Martinez* could then be used, notwithstanding § 2254(e)(2), to establish the merits of the underlying ineffective-assistance-of-trial-counsel claim. While I believe that even this result contravenes Supreme Court authority, it at least has the virtue of making its new judge-made exception to § 2254(e)(2) coextensive with the *Martinez* exception. But in *Ramirez*, the panel held that, even after the *Martinez* exception had been established with new evidence, the petitioner was entitled to keep going and to develop even *more* evidence as if § 2254(e)(2) did not exist at all. Nothing supports *Ramirez*'s egregious disregard of the clear strictures of § 2254(e)(2).

# I

## A

David Ramirez was convicted by an Arizona jury of the first-degree murders of his girlfriend and her daughter, and he was sentenced to death by a judge. *Ramirez*, 937 F.3d at 1234. Ramirez's trial attorney, Mara Siegel, was a Maricopa County public defender, and Ramirez's case was her first capital assignment. *Id.* at 1235. After his conviction and sentence were affirmed on direct appeal, Ramirez filed a petition for postconviction relief in state court, but he did not raise a claim that his trial counsel had been ineffective in the particular respects that he now asserts. *Id.* at 1238. The state petition was denied. *Id.*

Ramirez then filed a federal habeas petition, the operative version of which raised the claim that trial counsel was ineffective in her presentation of mitigation evidence during the penalty phase. 937 F.3d at 1238. The federal district court initially denied the claim as procedurally defaulted, because Ramirez had failed to raise the claim during his initial state postconviction-relief proceeding. *See Martinez Ramirez v. Ryan*, 2010 WL 3854792 (D. Ariz. Sept. 28, 2010). While Ramirez's appeal from that decision was pending in this court, the Supreme Court issued its decision in *Martinez*, in which the Court held that a petitioner may establish "cause" to excuse a procedural default if the petitioner can show (1) that the petitioner's postconviction counsel was ineffective in failing to raise an ineffective-assistance-of-trial-counsel claim, and (2) that the underlying ineffective-assistance-of-trial-counsel claim is "substantial," that is, "has some merit." 566 U.S. at 14. A panel of this court remanded for reconsideration of Ramirez's ineffective-assistance-of-trial-counsel claim "in light of intervening law."

On remand, Ramirez asked for an evidentiary hearing to develop evidence regarding whether his *postconviction-relief* counsel was ineffective, in order to establish "cause" for the default under *Martinez*. Ramirez acknowledged that 28 U.S.C. § 2254(e)(2) bars factual development of claims not developed in state court, but relying on our precedent in *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. 2014) (en banc), he argued that the cause-and-prejudice question under *Martinez* is not a "claim" for purposes of § 2254(e)(2) and that evidence could be received to see whether the default could be excused under *Martinez*.

Ramirez also submitted declarations from various family members describing the truly deplorable conditions of his upbringing. *Ramirez*, 937 F.3d at 1238–39. Compared to the testimony that Siegel elicited during the original sentencing hearing, the new declarations paint a darker picture of the abuse and neglect that Ramirez's mother inflicted on her children. Ramirez also submitted a declaration from Siegel herself, in which she admitted that the mitigation evidence that she presented was "very limited." *Id.* at 1240. Finally, Ramirez submitted a declaration from Dr. McMahon, a psychologist whom the state trial court had appointed to evaluate Ramirez's mental health during the penalty phase of his criminal trial. *Id.* Dr. McMahon stated that Siegel failed to give him Ramirez's IQ scores or school reports and that, had she done so, he likely would have expanded his evaluation, and he would not have found that Ramirez was not intellectually disabled. *Id.*

The district court noted that, "for different reasons," both sides agreed that the court should consider the merits of Ramirez's ineffective-assistance-of-trial-counsel claim. As the court explained, the State argued that the lack of merit to that claim showed that postconviction counsel "did not

perform ineffectively in failing to raise the claim in state court" and that the *Martinez* standard therefore could not be met.   Ramirez, by contrast, argued that postconviction counsel was ineffective in failing to raise the claim and that the merits of that claim therefore had to be considered de novo.  The court denied Ramirez's request for an evidentiary hearing, concluding that such a hearing was "not warranted" in light of the existing evidence, but the court accepted his newly submitted exhibits into the record.  After comparing the evidence on mitigation presented at the penalty phase of Ramirez's trial to the information in the newly submitted exhibits, the court resolved the merits of the underlying claim, concluding that Siegel's performance was not deficient and that any deficiency did not prejudice Ramirez.

Ramirez again appealed to this court.   The panel reversed, finding that the district court should not have "collapsed what should have been a two-step process": first evaluating whether the performance of Ramirez's postconviction counsel constituted ineffective assistance that excused the procedural default under *Martinez*, and only then addressing the merits of the underlying ineffective-assistance-of-trial-counsel claim, "after allowing a chance for any necessary record or evidentiary development." *Ramirez*, 937 F.3d at 1242 n.7.  The panel then proceeded to address the merits of the *Martinez* analysis, concluding that Ramirez's postconviction counsel did render ineffective assistance and that Ramirez's underlying claim was "substantial," thus excusing his procedural default under *Martinez.  Id.* at 1243–48.  Finally, the panel concluded that "the district court erred in denying Ramirez evidentiary development of his ineffective assistance of counsel claim" and remanded for further evidentiary development on that underlying claim.  *Id.* at 1248.

## B

Barry Lee Jones was convicted by an Arizona jury of sexual assault, child abuse, and felony murder of his girlfriend's four-year-old daughter, Rachel Gray. *Jones*, 943 F.3d at 1215. A judge sentenced him to death. *Id.* at 1217. Jones filed a petition for postconviction relief in state court, in which he claimed ineffective assistance of trial counsel regarding certain aspects of his attorney's representation. *Id.* at 1218. The petition was denied. *Id.*

Jones then filed a federal habeas petition, the operative version of which raised several new claims that his trial attorney was ineffective at both the guilt and penalty phases of Jones' case. 943 F.3d at 1218. The district court denied most of the claims as procedurally defaulted. *Jones v. Schriro*, 2008 WL 4446619, at *5 (D. Ariz. Sept. 29, 2008). While the case was on appeal in this court, the Supreme Court issued its decision in *Martinez*. This court remanded the case to the district court for reconsideration of Jones's claim. This court's remand order determined that Jones's claims were "substantial" and that one prong of the *Martinez* analysis was therefore already satisfied. (Recall that *Martinez* requires a petitioner to show that postconviction counsel was ineffective *and* that the underlying ineffective-assistance-of-trial-counsel claim is "substantial." *See* 566 U.S. at 14.)

On remand, the district court ordered the parties to brief the other prong of *Martinez*—whether Jones's postconviction counsel was ineffective for failing to raise the underlying ineffective-assistance-of-trial-counsel claim—as well as the merits of that underlying claim itself. Jones contended that trial counsel was ineffective during both the guilt and penalty phases of the trial. Based on new exhibits submitted by Jones, the district court found enough initial

merit to Jones's arguments that postconviction counsel had been ineffective that the court granted Jones's request for a full evidentiary hearing on whether Jones's default of his underlying claims could be excused under *Martinez*. In granting that request, the court concluded that 28 U.S.C. § 2254(e)(2) did not apply to new evidence used to establish cause under *Martinez*. The district court went a step further, however, and also granted Jones's request for an evidentiary hearing to develop his underlying ineffective-assistance-of-trial-counsel claim.

After a seven-day evidentiary hearing, the district court issued a decision granting Jones's habeas petition. *Jones v. Ryan*, 327 F. Supp. 3d 1157 (D. Ariz. 2018). The court concluded that Jones's trial counsel had performed a deficient investigation into medical evidence of the timeline of Rachel's injuries and that, had a proper investigation been performed, counsel could have cast doubt on the state's theory that Rachel's injuries occurred while she was in Jones's care. *Id.* at 1198–1202, 1206–09. The court then concluded that Jones's postconviction-relief counsel rendered ineffective assistance in failing to raise that claim, thereby excusing Jones's procedural default under *Martinez*. *Id.* at 1214–17.

The state appealed, arguing that, although 28 U.S.C. § 2254(e)(2) did not bar the district court from holding an evidentiary hearing on Jones's efforts to establish cause for default under *Martinez*, the statute *did* bar the district court from considering any of the evidence from the *Martinez* hearing when analyzing the merits of the underlying claim. The panel rejected the state's argument, concluding that a district court is not barred from considering evidence developed to overcome a procedural default under *Martinez*

when analyzing the underlying claim. *Jones*, 943 F.3d at 1220–22.

## II

We should have granted rehearing en banc because, in contravention of controlling Supreme Court authority, the panels' decisions in *Jones* and *Ramirez* create a new judge-made exception to 28 U.S.C. § 2254(e)(2)'s strict limitations on expansion of the evidentiary record in habeas corpus cases.

## A

The petitioners in *Jones* and *Ramirez* confronted two distinct obstacles to presenting their ineffective-assistance-of-trial-counsel claims in federal habeas corpus proceedings. First, the claims they sought to assert had not been presented in their state postconviction proceedings, and the resulting procedural default required them to show cause and prejudice to excuse that default. Second, the petitioners had failed to develop in the state court record the facts that they needed to establish their claims, and this presented a *separate* obstacle that would require them to make an appropriate showing before a federal habeas court could consider any additional evidence. *See* 28 U.S.C. § 2254(e)(2). In order to set the panels' decisions in context, it is helpful to summarize the applicable state of the law concerning these two distinct procedural hurdles.

## 1

The general rule against consideration of procedurally defaulted claims in federal habeas corpus is a judge-made doctrine that has long been recognized by the Supreme Court. The Court's rule is "grounded in principles of

comity," because "a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731–32.   Because Arizona requires that ineffective-assistance-of-trial-counsel claims be presented in the first state postconviction petition, *see Martinez*, 566 U.S. at 6–7, the petitioners' failure to present their claims in Arizona state court constitutes a procedural default, *see Coleman*, 501 U.S. at 735 n.1 (where claim was not exhausted in state court and state court "would now find the claims procedurally barred," there "is a procedural default for purposes of federal habeas"); *see also Trevino v. Thaler*, 569 U.S. 413, 421 (2013) (failure to raise a claim in state court "at the time or in the place that state law requires" qualifies as procedural default).  But the Supreme Court has recognized exceptions to this judge-made rule: procedurally defaulted claims may be considered if the petitioner can (1) show "cause" for the default and "actual prejudice" from the state's alleged violation of federal law or (2) demonstrate that application of the rule would "result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

In *Coleman*, the Court held that attorney error generally does *not* constitute "cause" to excuse a procedural default because "cause" must be something "*external* to the petitioner," and error by a petitioner's attorney is not "external" because "the attorney is the petitioner's agent when acting, or failing to act."   501 U.S. at 753.   But *Coleman* observed that attorney error *can* constitute "cause" when the error qualifies as ineffective assistance of counsel, in violation of the Sixth Amendment.  *Id.* at 753–54.  The reason for this exception is "not because . . . the error is so bad that the lawyer ceases to be an agent of the petitioner"; such an argument, the Court explained, "would be contrary

to well-settled principles of agency law," under which even an agent's negligence is imputed to the principal. *Id.* at 754. Rather, the reason for the exception is that, when effective assistance of counsel is constitutionally guaranteed, "'the Sixth Amendment itself requires that responsibility for the default be imputed to the State.'" *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). And because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," *Coleman* reasoned, an error by postconviction counsel is not imputed to the state and cannot constitute "cause." *Id.* at 752.

In *Martinez v. Ryan*, however, the Court created a "narrow exception" to *Coleman*'s holding that negligence by postconviction counsel can never constitute cause to excuse default. 566 U.S. at 9. The Court expressed special concern about applying *Coleman*'s strict rule in the context of claims that trial counsel was ineffective, because such claims often can be brought only in postconviction proceedings—where effective representation is not constitutionally guaranteed—and, further, because such claims "often require investigative work and an understanding of trial strategy." *Id.* at 11. The *Martinez* Court pointedly *declined* to rest its exception to *Coleman* on the premise that there is a constitutional right to effective assistance of postconviction counsel in the presentation of an ineffective-assistance-of-trial-counsel claim. *Id.* at 9. Instead, recognizing that "[t]he rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion," *id.* at 13, the Court held that, "as an equitable matter," ineffective assistance of postconviction counsel (or lack of postconviction counsel) can constitute "cause" to excuse procedural default of an ineffective-assistance-of-trial-counsel claim, but only if the claim is "substantial," *id.* at 14.

**2**

The second distinct obstacle that the petitioners face here was their failure to adequately develop in state court the factual evidence needed to establish the ineffective-assistance-of-trial-counsel claims that they now wish to present. Again relying upon judge-made rules governing the writ of habeas corpus, the Supreme Court previously had treated such a failure as comparable to a procedural default, and the Court therefore generally required a showing of cause and prejudice to excuse the failure. *See*, *e.g.*, *Keeney*, 504 U.S. at 8–10. The rationale for this additional federal habeas rule was likewise grounded in federalism: "encouraging the full factual development in state court of a claim that state courts committed constitutional error advances comity by allowing a coordinate jurisdiction to correct its own errors in the first instance." *Id.* at 9. Under *Keeney*, a failure to develop the record occurs even when the petitioner's *counsel* is responsible, *id.* at 4 (requiring cause and prejudice even though the failure was "apparently due to the negligence of postconviction counsel"), and the requisite cause cannot be shown "where the cause asserted is attorney error," *id.* at 10 n.5 (citing *Coleman*, 501 U.S. 722).

However, in enacting AEDPA, Congress partially abrogated *Keeney* and replaced it with a different and more demanding set of standards. The relevant provision is contained in 28 U.S.C. § 2254(e)(2), which provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—

(A) the claim relies on—

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id*. The Supreme Court has made two important rulings concerning the meaning of § 2254(e)(2), and those decisions establish the governing law concerning this separate procedural obstacle to the presentation of a claim in federal habeas corpus.

First, in *Williams v. Taylor* (*Michael Williams*),[2] 529 U.S. 420 (2000), the Court held that Congress's use of the word "failed" in the opening clause of § 2254(e)(2) was "intended to preserve" *Keeney*'s definition of what counts as the sort of state-court failure that triggers the rule. *Id.* at 433. As the Court explained, *Keeney*'s cause-and-prejudice requirement applied—and therefore § 2254(e)(2)'s

---

[2] The Supreme Court coincidentally decided another AEDPA case named *Williams v. Taylor* (involving Terry Williams) on the very same day. *See* 529 U.S. 362 (2000).

replacement for that cause-and-prejudice standard now applies—when "there is lack of diligence, or some greater fault, attributable to the prisoner *or the prisoner's counsel*." *Id.* at 432 (emphasis added). Thus, § 2254(e)(2) preserves the rule that attorney failure to develop the record triggers the need to make a further showing to excuse that failure. But Congress dramatically changed the circumstances under which such attorney failure can be *excused*, by replacing the cause-and-prejudice and fundamental-miscarriage-of-justice tests with the stricter exceptions in § 2254(e)(2). *Id.* at 433. Notably, ineffective assistance of postconviction counsel is *not* included in the statute as a ground for excusing the failure to develop the factual basis of a claim in state court. Thus, it is not sufficient to show that counsel's lack of diligence failed to uncover the new evidence; rather, it must be shown that the "factual predicate . . . *could not* have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A)(ii) (emphasis added).

Second, the Supreme Court held in *Holland v. Jackson* that § 2254(e)(2)'s strictures are applicable whenever the petitioner attempts to rely on evidence that was not presented in state court, and not merely when the petitioner seeks a formal evidentiary hearing. 542 U.S. at 653. In *Holland*, habeas petitioner Jackson had been convicted of murder in state court, primarily on the testimony of a single eyewitness. *Id.* at 650. Seven years later, Jackson attempted to reopen his state postconviction case because he claimed that a new witness would contradict the primary witness's testimony. *Id.* at 650–51. The state court denied the motion, finding "no satisfactory reason given for the defendant's failure to locate this witness." *Id.* at 651. The Supreme Court reversed the Sixth Circuit's subsequent grant of habeas relief, holding in relevant part that consideration of the new witness's testimony was barred under § 2254(e)(2).

Reaffirming that "[a]ttorney negligence" in developing the state court record "is chargeable to the client and precludes relief unless the conditions of § 2254(e)(2) are satisfied," *id.* at 653 (citing *Michael Williams*, 529 U.S. at 439–40; *Coleman*, 501 U.S. at 753–54), the Court held that Jackson's failure to present the testimony of the new witness to the state court was subject to the strictures of § 2254(e)(2). Moreover, the Court made clear that, despite the fact that § 2254(e)(2)'s limitations applied to the holding of an "evidentiary hearing," "[t]hose same restrictions apply *a fortiori* when a prisoner seeks relief based on new evidence *without* an evidentiary hearing." *Id.*

Thus, under *Michael Williams* and *Holland*, where the petitioner's attorney in state postconviction proceedings negligently fails to develop the record on a claim, a federal habeas court may not consider new evidence in support of that claim unless the strictures of § 2254(e)(2) have been met.

## B

Against this backdrop, the panel decisions in *Jones* and *Ramirez* are directly contrary to controlling Supreme Court authority.

## 1

*Jones* held that, notwithstanding § 2254(e)(2), "*Martinez*'s procedural-default exception applies to *merits review*, allowing federal habeas courts to consider evidence not previously presented to the state court." *Jones*, 943 F.3d at 1221 (emphasis added). *Jones* erred by engrafting *Martinez*'s judge-made exception to a judge-made rule onto the separate *statutory* rule set forth in § 2254(e)(2). *Jones* made no effort to reconcile its holding with *Holland* or

*Michael Williams*; indeed, *Jones* did not mention either decision.  Its holding is directly contrary to those decisions, which (as explained earlier) bar consideration of new evidence to evaluate the merits of a claim in federal habeas proceedings—even when that evidence was not previously discovered due to the negligence of postconviction counsel—unless one of the narrow exceptions set forth in § 2254(e)(2) is satisfied.  *Jones* did not suggest that any of those exceptions are applicable here.  Instead, *Jones* relied on two arguments to justify its holding, but neither has merit.

**a**

*Jones* relied primarily on policy-based arguments for extending *Martinez*'s exception to § 2254(e)(2).  This court has previously held that, because a claim of ineffective assistance of *postconviction* counsel "is not a constitutional claim" but only a predicate for showing "cause" to excuse a failure to present a claim (namely, ineffective assistance of trial counsel), a petitioner seeking to show such cause "is not asserting a 'claim' for relief as that term is used in § 2254(e)(2)."   *Dickens*, 740 F.3d at 1321.   Section 2254(e)(2) thus does not bar a hearing to develop the facts necessary *to establish cause* under *Martinez*.   *See id*.  Because in *Jones* the district court had already conducted a lengthy hearing for that purpose, the panel held that it would be "'simply illogical, and extraordinarily burdensome to the courts and the litigants,'" to hear evidence concerning cause under *Martinez* but then to disregard that very same evidence when addressing the merits of the underlying claim.  *Jones*, 943 F.3d at 1221 (quoting the district court decision).  Additionally, the panel endorsed the plurality view in *Detrich v. Ryan*, 740 F.3d 1237 (9th Cir. 2013) (en banc), that if § 2254(e)(2) could stymie factual development for claims rescued from procedural default by *Martinez*, then

"'*Martinez* would be a dead letter.'"  943 F.3d at 1222 (quoting *Detrich*, 740 F.3d at 1247 (four-judge plurality)); *see also Ramirez*, 937 F.3d at 1248 (likewise relying upon the *Detrich* plurality).

As an initial matter, the *Jones* panel and the *Detrich* plurality overstate the extent of the inconsistency between *Martinez* and § 2254(e)(2), as noted by the amicus brief filed by the State of Texas in support of rehearing en banc in the *Jones* case.  *Martinez* excuses the procedural default of failing to raise a claim of ineffective assistance of trial counsel in a state postconviction petition when the default is attributable to the ineffective assistance of state postconviction counsel.  Section 2254(e)(2) separately bars the development of new evidence in support of a habeas claim in federal court.  Thus, § 2254(e)(2) poses no obstacle to review where the state court record (either at trial or in subsequent proceedings) is *already* sufficient to establish trial counsel's mistakes—e.g., "claims based on a failure to object to inadmissible evidence, requesting an incorrect jury instruction, or per se ineffective assistance of counsel." Brief for the State of Texas as Amicus Curiae at 12–13, *Jones v. Shinn*, No. 18-99006 (9th Cir. Dec. 23, 2019) (ECF No. 75).  To the extent that such mistakes nonetheless were not *raised* on state postconviction review due to the ineffectiveness of postconviction counsel, *Martinez* paves the way to federal habeas relief.

But even if most *Martinez* claims would be barred by § 2254(e)(2), that would not give us a license to contravene the settled law governing that statute.  Nothing in the text of § 2254(e)(2) says that its prohibition on consideration of new evidence does not apply when postconviction counsel was ineffective or where "cause" has been shown to excuse some *separate* procedural default.  On the contrary, AEDPA

amended § 2254(e)(2) to abolish *precisely* the same "cause
and prejudice" standard that *Martinez* invoked (and
modified) and replaced it with a much more demanding
standard (which both panels agree is not met in these cases).
*See Michael Williams*, 529 U.S. at 433 ("Congress raised the
bar *Keeney* imposed on prisoners.").   Section 2254(e)(2)
therefore eliminated any basis for extending *Martinez* to
excuse a failure to develop the record.  That is, because the
predicate for *Martinez*'s holding is the cause-and-prejudice
standard, and because § 2254(e)(2) expressly eliminated that
standard in the context of a failure to develop the record, the
entire predicate for applying *Martinez* is simply absent in
that context.

Where, as here, Congress has specifically modified and
limited pre-existing equitable doctrines that otherwise would
have applied, we have no authority to ignore those
limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 395–
96 (2013) (noting that § 2254(e)(2) specifically modified the
previously recognized "miscarriage of justice exception").
Accordingly, this is not a situation in which Congress left
undisturbed a long-settled background presumption
concerning the scope of equitable authority in federal habeas
corpus proceedings. *See id.* at 397 (concluding that, outside
of contexts such as § 2254(e)(2), Congress presumably
intended to leave "intact and unrestricted" the long-
recognized equitably based "miscarriage of justice
exception").  The *Jones* panel and the *Ramirez* panel thus
lacked the authority to engraft a judge-made exception onto
§ 2254(e)(2)—particularly when it is contrary to the
construction of that statute under *Michael Williams* and
*Holland*.  As the Supreme Court explained in a separate
context in *Ross v. Blake*, although "judge-made exhaustion
doctrines . . . remain amenable to judge-made exceptions,
. . . a statutory exhaustion provision stands on a different

footing. There, Congress sets the rules—*and courts have a role in creating exceptions only if Congress wants them to*." 136 S. Ct. at 1857 (emphasis added). Under *Ross*, we have no role in creating exceptions to § 2254(e)(2).[3]

Moreover, the *Jones* panel's reasoning (like the plurality's reasoning in *Detrich*) rests largely on a bootstrap argument. *Dickens* held that establishing "cause" under *Martinez* is not a "claim," and so a federal court does not violate § 2254(e)(2) by receiving new evidence to consider whether such cause has been established. 740 F.3d at 1321. But by saying that such evidence should then be considered on the merits of the "claim," the panel erases the distinction that *Dickens* drew and thereby endorses the very violation of § 2254(e)(2) that *Dickens* purported to avoid. To the extent that the resulting scenario seems illogical or wasteful, that is only because the district court in *Jones* failed to consider up front *both* of the *separate* obstacles that Jones faced. There is no point in conducting a *Martinez* hearing to discover "cause" to excuse a procedural default if the defaulted claim will inevitably fail on the merits because (due to the *other* procedural obstacle) evidence outside the state record cannot be considered in any event. Given the insuperable obstacle

---

[3] Even if the *Jones* panel were correct in perceiving some tension between *Martinez* and the construction of § 2254(e)(2) adopted in *Michael Williams* and *Holland*, that would not justify the panel's disregard of the latter decisions. As the Supreme Court has made clear, "[i]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989). Because *Martinez* says literally nothing whatsoever about § 2254(e)(2), it cannot provide any basis for disregarding the directly applicable caselaw construing that provision.

presented by § 2254(e)(2), whether the distinct obstacle presented by *Coleman*/*Martinez* could or could not be excused made no difference.

To the extent that it seems unfair that a potentially meritorious claim might escape federal habeas review, that feature is inherent in the restrictions that AEDPA imposes on the grant of federal habeas relief. For purposes of § 2254(e)(2), the evidence developed at the *Martinez* cause-and-prejudice hearing stands on no different footing than the new evidence presented to the court in *Holland*, and *Holland* squarely holds that such new evidence may not be considered unless the restrictions of § 2254(e)(2) have been met. 542 U.S. at 653. The resulting disparate treatment of procedural default under *Martinez* and failure to develop the factual basis for a claim under § 2254(e)(2) is the unmistakable consequence of Congress's asymmetrical intervention in this area of the law, in which Congress eliminated the cause-and-prejudice standard only in the *Keeney* context, and not in the *Coleman* context. Absent a constitutional objection—and the *Jones* panel did not suggest that its conclusion was required by the Constitution—we lack the authority to improve upon Congress's policy judgment by judicially rewriting § 2254(e)(2).

**b**

The *Jones* panel hinted at a second ground for its holding, but it is equally untenable. Specifically, the panel stated that its conclusion was consistent with the decisions of the Eighth and Fifth Circuits in *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013), and *Barrientes v. Johnson*, 221 F.3d 741 (5th Cir. 2000). *See Jones*, 943 F.3d at 1222. Those decisions, in turn, rested on the premise that, if counsel was ineffective in failing to develop the record or there is

otherwise cause and prejudice to excuse that failure, then there was no "fail[ure] to develop the factual basis of a claim in State court proceedings" within the meaning of § 2254(e)(2). *See Sasser*, 735 F.3d at 853–54; *Barrientes*, 221 F.3d at 771 & n.21. This rationale is based on a clear misreading of *Michael Williams*.

*Michael Williams* unambiguously states that § 2254(e)(2) preserved *Keeney*'s understanding of what counted as a "failure" to develop the record, thereby triggering the need to excuse that failure. *See* 529 U.S. at 433–34. *Michael Williams* further states that such a failure is shown when "there is lack of diligence, or some greater fault, attributable to the prisoner *or the prisoner's counsel*," *id*. at 432 (emphasis added); *see also Holland*, 542 U.S. at 653 ("Attorney negligence, however, is chargeable to the client and precludes relief unless the conditions of § 2254(e)(2) are satisfied."). Moreover, in holding that ineffective assistance of state postconviction counsel may provide cause and prejudice for failure to raise a claim of ineffective assistance of trial counsel, the Supreme Court in *Martinez* did not retreat from *Coleman*'s and *Michael Williams*'s holding that, in determining whether a procedural failure or default *has occurred*, habeas petitioners are bound by the action (or inaction) of their lawyers under "well-settled principles of agency law." *Coleman*, 501 U.S. at 754; *see also Michael Williams*, 529 U.S. at 432; *cf. Maples v. Thomas*, 565 U.S. 266, 282–83 (2012) (noting, even post-*Martinez*, "the essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client" and holding that, "under agency principles," attorney error is not chargeable to the client only in the latter situation). Under *Martinez*, the question of ineffective assistance thus goes, not to the underlying question of whether there was a

procedural default or other failure, but rather to the question of whether that default or failure *is excused*. 566 U.S. at 13–14.

Accordingly, the suggestion that the existence of cause and prejudice means that there was *no failure* to develop the record for purposes of § 2254(e)(2), *see Sasser*, 735 F.3d at 853–54; *Barrientes*, 221 F.3d at 771, is plainly incorrect. Not only does this mix up the issue of procedural failure with the distinct issue of whether that failure is excused, but this reasoning would effectively restore the *Keeney* cause-and-prejudice standard that § 2254(e)(2) expressly abrogated. *See Michael Williams*, 529 U.S. at 433. If the existence of cause and prejudice means that there was no failure to develop the record sufficient to trigger § 2254(e)(2), then the remainder of § 2254(e)(2) would be a dead letter, and the operative standard would be the cause-and-prejudice test.

Because there was a failure to develop the state court record in both *Jones* and *Ramirez*, § 2254(e)(2) is triggered and that failure can be excused *only* if a petitioner meets one of the strict statutory exceptions in § 2254(e)(2). Because § 2254(e)(2) abolishes *Keeney*'s cause-and-prejudice test, the fact that *Martinez* allows postconviction ineffective assistance to establish cause and prejudice to excuse a failure to raise a claim does not mean that such ineffective assistance meets the more demanding excusal standards established in § 2254(e)(2) to excuse a failure to develop the record in state court. Neither the *Jones* panel nor the *Ramirez* panel claimed that the exceptions in § 2254(e)(2) were met, and the prohibition of that section therefore applies. Under *Holland*, that means the new evidence in each case may not be received in considering the merits of the underlying claim of ineffective assistance of trial counsel.

**2**

As explained above, the *Jones* panel held only that the evidence developed at the *Martinez* cause-and-prejudice hearing in that case could be considered on the merits of the underlying ineffective-assistance-of-trial-counsel claim. The *Ramirez* panel went one step further and held that, *after* cause and prejudice have been established under *Martinez* (as the *Ramirez* panel found in that case), the strictures of § 2254(e)(2) do not apply at all and the petitioner is "entitled to evidentiary development to litigate the merits of his ineffective assistance of trial counsel claim." *Ramirez*, 937 F.3d at 1248. The only authority cited for this proposition is the *Detrich* plurality, but that opinion (like *Jones*) only supports the view that, "[i]f the district court holds an evidentiary hearing *before* ruling on the *Martinez* motion, evidence received at that hearing is not subject to the usual habeas restrictions on newly developed evidence." 740 F.3d at 1247 (emphasis added); *see also id*. ("even with respect to the underlying trial-counsel IAC [ineffective-assistance-of-counsel] 'claim,' given that the reason for the hearing is the alleged ineffectiveness of both trial and PCR [postconviction-relief] counsel, it makes little sense to apply § 2254(e)(2)"). That view is wrong for all of the reasons explained earlier, but nothing in that rationale justifies taking the additional step of completely dispensing with the strictures of § 2254(e)(2) and allowing *further* evidentiary development *after* the *Martinez* standard has already been satisfied.[4]

---

[4] Ramirez's argument that Arizona waived any objection based on § 2254(e)(2) by failing to raise the issue may have some force to the extent that *Ramirez* also presents the *Jones* issue (*i.e.*, the use of the *same* evidence for the dual purposes of satisfying *Martinez* and addressing the

\*        \*        \*

I respectfully dissent from the denial of rehearing en banc.

---

merits), but not as to the *Ramirez* panel's additional step of ordering further evidentiary development *after* the *Martinez* standard had been met. Ramirez's appeal did not specifically ask for the further relief that the panel ultimately provided on that score. Arizona therefore had no occasion to object under § 2254(e)(2) to *additional* evidentiary development beyond what was needed to satisfy *Martinez*. The panel's decision presented that § 2254(e)(2) issue for the first time, and Arizona properly raised the issue in its Petition for Rehearing.